**STATE of Missouri, Plaintiff-Respondent,**

v.

**Steven TIBBS, Defendant-Appellant.**

**No. 36346.**

Missouri Court of Appeals,
St. Louis District,
Division Four.

May 13, 1975.

Charles D. Kitchin, Public Defender, Thomas J. Prebil, Asst. Public Defender, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, II, Clarence Thomas, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

NORWIN D. HOUSER, Special Judge.

Steven Tibbs, convicted of operating a motor vehicle without the owner's consent, § 560.175, RSMo 1969, V.A.M.S., and committed to the department of corrections for a period of 5 years, has appealed.

At 2 a. m. on the second day after a 1965 Buick was reported stolen Officer Williams saw a 1965 Buick "slide past" a stop sign and "die right there." The officer had seen the vehicle travel approximately one quarter of a block; observed one person in the vehicle; saw this appellant get out of the vehicle, walk in front of it and raise the hood; observed that the ignition had been punched, and found a screwdriver on the seat of the Buick. The license number was listed on the officer's "hot sheet" as that of a stolen car. The officer arrested appellant on a charge of operating a motor vehicle without the owner's consent.

Appellant claims error in admitting testimony of Officer Williams concerning the starting of the Buick. After the screwdriver had been admitted in evidence the assistant circuit attorney, Mr. Brown, asked this question: "When an ignition of an automobile has been punched, how can the automobile be operated?" Appellant's attorney objected on the ground that the officer was not an expert on auto mechanics and was not qualified to testify to that. The question was withdrawn, after which the following appears of record:

"Q. (By Mr. Brown) Officer, State's Exhibit 4 which you're holding in your hand: What, if anything, did you do with that that night?

"A. I attempted to start the auto.

"Q. And how did you attempt to do that?

"A. By inserting it into the punched ignition and turned the ignition on.

"Q. What happened when you turned the ignition on?

"A. The ignition engaged, and the engine turned.

"Q. Does that mean the starter motor itself?

"A. Starter engaged.

"Q. Did the engine of the car itself start?

"A. No, the engine didn't catch.

"Q. *So with the punched ignition, you can insert a screwdriver in it and start a car?*

"A. Yes.

"MR. PREBIL: I object to the form of the question, your Honor—leading and suggestive.

"THE COURT: Well, on the objection, Officer, have you ever started a car in that manner before, that you've just described?

"THE WITNESS: Yes, I have.

"THE COURT: Objection overruled. You may answer the question. Would you answer the question?

"A. I inserted it, and the engine didn't catch, but the ignition engaged and the car attempted to start.

"Q. (By Mr. Brown) So a screwdriver can be used to start a car with a punched ignition?

"A. Yes, sir."

We find no prejudicial error in the ruling of the court, for three reasons. First, the objection was not timely made, because not made until after the answer was given. State v. Phillips, 480 S.W.2d 836, 837[2] (Mo.1972). Second, the objection overruled was interposed on the sole ground that the form of the question was leading and suggestive, but no motion to strike was offered, and both before and after the allegedly offensive question was asked the witness was permitted without objection to detail his activities in attempting to start the Buick. State v. Thomas, 82 S.W.2d 885, 887–888[2] (Mo.1935). Third, if the objection originally made (to the qualification of the witness to testify as an expert on auto mechanics) be considered to have been made to the question above italicized, there was no abuse of discretion in overruling it on this ground for the reason that in passing upon the witness' qualifications the court had the benefit of the witness' previous successful experience in starting a car in this manner, and the fact that this device actually turned over the engine on this occasion, notwithstanding the engine did not "catch." There was a sufficient basis upon which to rule that the witness could answer the question. The extent of a witness' training or experience "goes to the weight, not the admissibility, of his testimony." Swope v. Printz, 468 S.W.2d 34, 40 (Mo. 1971).

Appellant further claims that he was denied a fair and impartial trial as guaranteed by federal and state constitutions "in that the trial court assumed a prosecutorial role" by interrogating Officer Williams.

The interrogation to which appellant objects follows:

"THE COURT: Did you notice the person behind the wheel of the car when you observed it?

"MR. PREBIL: Your Honor, I'm going to object to any further inquiries of the Court at this time.

"THE COURT: Be overruled.

Would you answer the question, Officer?

"THE WITNESS: I didn't see him that well, no, sir.

"THE COURT: Did you see a person —a driver—a person behind that wheel?

"THE WITNESS: Yes, sir; yes, sir.

"THE COURT: And what was the charge that you placed against the subject, as you called him, when you arrested him?

"THE WITNESS: Operating a Motor Vehicle Without the Owner's Consent."

▆ Prior to the court's interrogation the assistant circuit attorney had elicited from the witness the facts recited in the second paragraph of this opinion. In addition the officer, asked whether the man he arrested for driving the car was in court, had answered affirmatively and pointed to appellant. Furthermore, the officer had testified that he saw "Mr. Tibbs" get out of the car. Notwithstanding there was sufficient evidence to identify the defendant as the operator of the Buick the trial judge, in the exercise of the broad discretion granted him in asking questions of witnesses, apparently in an effort to clarify Officer Williams' testimony, asked the questions above quoted, thereby developing the truth more fully. In so doing the court did not err. State v. Cook, 440 S.W.2d 461 (Mo.1969). Appellant cites aggravated cases of judicial interference, such as State v. James, 321 S.W.2d 698 (Mo.1959), and State v. Smith, 422 S.W.2d 50 (Mo. banc 1967), cert. den., 393 U.S. 895, 89 S.Ct. 150, 21 L.Ed.2d 176, but the questions complained of demonstrate no zeal, hostility or departure by the trial judge from the "fine balance of impartiality, neutrality and objectivity" referred to in State v. Smith, supra, and we are constrained to rule that the interrogation was not improper and did not constitute . an abuse of discretion.

Judgment affirmed.

SMITH, C. J., and STOCKARD, Special Judge, concur.