**STATE of Missouri, Plaintiff-Respondent,**

v.

**James L. MINOR, Defendant-Appellant.**

No. 37558.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Feb. 8, 1977.

Rehearing Denied March 15, 1977.

Huck, Kasten & LaBeaume, Herbert A. Kasten, Jr., St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, J. Michael Davis, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., John White, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

GUNN, Judge.

Defendant appeals from his conviction of assault with intent to kill with malice. § 559.180 RSMo. 1969. He was found guilty by a jury and was sentenced by the court to twenty-five years in the Missouri Department of Corrections. The allegations of error in the appeal center on the propriety of the submission by the trial court of a "falsus in uno, falsus in omnibus" instruction pertaining to defendant's testimony and on the trial court's failure to instruct the jury on the limited consideration to be given to evidence of defendant's prior convictions. We affirm defendant's conviction.

The assault was perpetrated in the course of an alleged attempted robbery of a small St. Louis hardware store on January 19, 1972. (Defendant was originally charged in an amended information with attempted robbery, but that count was not tried.) On the day of the incident Sol Mitchell, the store's owner, was serving customers at the cash register near the entrance of the store when a man identified as the defendant walked up to the counter, displayed a gun, and without speaking fired one shot, striking Mitchell in the abdomen. Mitchell was found unconscious behind the counter when the police arrived a few minutes later.

It was nearly three weeks before Mitchell had sufficiently recovered from the assault to talk with police for any extended period of time. When he was able to meet with the police he was shown a group of fifteen photographs of individuals of the same race and approximately the same age as his assailant. When Mitchell saw defendant's photograph, which was near the bottom of the stack, he immediately became noticeably physically and emotionally affected. At first he was unable to speak. He then began to cry and to gasp for air. When he regained his composure he identified the photograph of defendant as that of the man who shot him. Mitchell later identified defendant as his assailant in court at trial.

Defendant testified that he was at home watching television with his sister at the time of the shooting; however, the sister did not testify. On cross-examination the following exchange took place precipitating the submission of the credibility instruction in question.

"Q. (by the State) You ever been convicted of a felony?

A. (by defendant) No sir.

Q. You have not?

A. No sir."

Defendant's attorney then requested a conference at the bench. He explained that although defendant had been convicted of illegal possession of a barbiturate, technically the conviction was not yet final for purposes of the Habitual Criminal Act, and that he had instructed defendant to deny the conviction. The State explained, however, that it did not seek to admit the prior conviction for purposes of the Habitual Criminal Act but solely to attack defendant's credibility. After a conference with his counsel defendant resumed his testimony, admitting that he had been previously convicted of illegal possession of a controlled substance.

At the conclusion of the evidence the jury was given, inter alia, the following instruction to which no specific objection was made either at the time of submission or in the motion for a new trial:

"The Court instructs the jury that if you believe that any witness has knowingly sworn falsely to any fact or facts material to the issues in this case, then you must disregard such portion of the testimony as you believe to be false, if any, and you are at liberty to reject or disregard all other portions of such witness's testimony."

Defendant contends that submission of this instruction constituted prejudicial error because there was no conflict in the evidence sufficient to justify its use. Even if there were sufficient conflict he contends that the instruction was improper, because it authorized the jury to disregard the testimony if defendant had sworn falsely to any fact, not just material facts, and that it authorized the jury to "disregard," not merely "reject," all testimony of a witness who gave false testimony. Further, defendant contends that the trial court erred in failing to instruct the jury on the scope of consideration of the evidence of defendant's prior conviction.

■ At the outset we note that these allegations of error were raised for the first time on appeal and thus, even though briefed by both parties, were not properly preserved for consideration by this court. Rule 27.20(a) V.A.M.R.; *State v. Knox,* 529 S.W.2d 455 (Mo.App. 1975); *State v. Ward,* 518 S.W.2d 333 (Mo.App. 1975). Therefore, our consideration is limited to a determination of whether these alleged errors constitute plain error under Rule 27.20(c) V.A. M.R.; *State v. Thomas,* 530 S.W.2d 265 (Mo.App. 1975). Relief on the grounds of plain error, however, is available only in exceptional circumstances. It is limited to situations in which the reviewing court is convinced that substantial rights of defendant were affected by clear trial errors resulting in manifest injustice or a miscarriage of justice. Where the guilt of defendant is established by clear and convincing

evidence no such injustice will be caused by refusing to invoke the rule. *State v. White,* 529 S.W.2d 22 (Mo.App. 1975); *State v. Winters,* 525 S.W.2d 417 (Mo.App. 1975); *State v. Murphy,* 521 S.W.2d 22 (Mo.App. 1975). In light of the foregoing considerations we find no plain error either in the form of the "falsus in uno, falsus in omnibus" instruction or in the trial court's failure sua sponte to submit an instruction explaining to the jury the limited consideration to be given impeachment evidence of defendant's prior conviction.

■ The "falsus in uno, falsus in omnibus" instruction has been widely criticized, and its use is now forbidden in Missouri Courts. See MAI–CR 2.01 Notes on Use No. 2. At the time of defendant's trial (September 19, 1972), however, such instruction was proper in the discretion of the trial court where a witness by his testimony attempted to misrepresent or contradict a material fact. *State v. Reece,* 505 S.W.2d 50 (Mo. 1974); *State v. Leigh,* 466 S.W.2d 685 (Mo. 1971). In this instance defendant gave contradictory testimony as to his previous felony conviction, a fact bearing on his credibility. Because his only defense, that of alibi, was supported solely by his own testimony his credibility was an especially material fact which could serve as a basis for submitting the contested instruction.

■ Defendant's argument that the jury was authorized to disregard his testimony if it was false as to any fact, not merely material facts, clearly misinterprets the plain meaning of the words of the instruction. The court instructed the jury that if they believed any witness had sworn falsely to "any fact or facts material to the issues in this case" then they were to disregard that portion of the testimony they believed to be false. Only by a strained reading of the quoted language could it be construed to contain the defect defendant asserts. When read in context, attributing to the words their plain and ordinary meaning, we find that they properly directed the jury

and did not constitute error. *State v. Jones*, 365 S.W.2d 508 (Mo. 1963).

Defendant's contention that the contested instruction was erroneous because it gave the jury the liberty to "reject or disregard" the falsely swearing witness's entire testimony is likewise without merit. Although instructions allowing the jury to "disregard" the witness's testimony have been held to be error when that term is employed alone, its use in tandem with the term "reject" was expressly approved in *State v. Willard*, 346 Mo. 773, 143 S.W.2d 1046, 1052–53 (1940). In any event the instruction as given did not constitute plain error.

Finally, defendant contends that even though not requested to do so the trial court erred in failing to instruct the jury on the limited consideration to be given to evidence of defendant's prior conviction. It is true that refusal by the court on defendant's request to give such an instruction may be reversible error. Where no request is made, however, the trial court is not required to, but may in its discretion, instruct the jury on this issue. *State v. Wing*, 455 S.W.2d 457 (Mo. 1970); *State v. Matzker*, 500 S.W.2d 54 (Mo.App. 1973). We find no abuse of discretion by the trial court in failing to instruct as to any limited consideration to be given to a prior conviction.

Finding no instances of plain error and presented with clear and convincing evidence of defendant's guilt, we affirm the judgment of the trial court.

KELLY, P. J., and SIMEONE, J., concur.