**STATE of Missouri, Respondent,**

v.

**Kenneth Ray STUEBINGER, Appellant.**

**No. KCD 28389.**

Missouri Court of Appeals,
Kansas City District.

May 31, 1977.

Richard G. Poland, Cameron, for appellant.

John C. Danforth, Atty. Gen., J. Michael Davis, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and WASSERSTROM and TURNAGE, JJ.

TURNAGE, Judge.

Kenneth Ray Stuebinger was convicted of a felony under § 556.215, RSMo 1969, of striking a highway patrolman engaged in the performance of his duties. The jury assessed punishment at six months in jail and a fine of $1,000.

On this appeal Stuebinger attempts to challenge the refusal of one instruction and the giving of another. Affirmed.

Stuebinger does not challenge the sufficiency of the evidence. Trooper Johnson of the Highway Patrol went to Gallatin to assist the local officers with an affray which had broken out at a tavern. Johnson returned later to the scene and told Stuebinger he was under arrest. At this point Stuebinger grabbed the trooper by the shoulder and at the same time placed his hand around the trooper's neck and started choking him. The choking became so severe the trooper was forced to his knees. The trooper tried to call for help, but because of the pressure exerted on his throat, was barely able to whisper. The trooper stated at this point he began to feel lightheaded because of the restriction of his oxygen intake. At this time a bystander came to the trooper's assistance and succeeded in prying Stuebinger's hands from his neck.

Stuebinger testified, and his version largely coincided with that of Trooper Johnson. He stated the trooper was trying to place him under arrest when he grabbed the trooper by the shoulder and neck and started to choke him.

Stuebinger's brief first challenges the refusal of the court to give an instruction offered by him which attempted to submit a lesser included offense of a misdemeanor under § 557.210 or § 557.220, RSMo 1969. However, Stuebinger has not preserved this point for review. In his motion for a new trial he failed to comply with Rule 27.20(a) as construed in *State v. Cheek*, 413 S.W.2d 231, 238[17] (Mo.1967). In *Cheek* the court stated the motion is not sufficient to preserve the refusal to instruct on a lesser included offense if the motion "does not indicate in any manner what facts in evidence were considered sufficient to warrant such an instruction." In his motion for a new trial Stuebinger did not state what facts in evidence were sufficient to require the giving of an instruction which would authorize the jury to find him guilty of a misdemeanor.

Further in his brief Stuebinger does not set out the instruction which he claims the court erroneously failed to give. Under Rule 84.04(e) the brief is required to set out any instruction, either refused or given, of which complaint is made. For these reasons, the refusal to give Stuebinger's proffered instruction has not been preserved for review. *State v. Schulten*, 529 S.W.2d 432, 434 (Mo.App.1975).

Stuebinger, for his second point, complains of the giving of an instruction, but, again, does not set out the instruction. For the reasons stated above, this point, likewise, is not preserved for review.

The court has reviewed the transcript for plain error under Rule 27.20(c). No error resulting in manifest injustice is found.

The judgment is affirmed.

All concur.