STATE of Missouri,
Plaintiff–Respondent,

v.

Kenneth Norman SMITH,
Defendant–Appellant.

No. 11742.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 30, 1980.

Motion for Rehearing or Transfer
Denied Nov. 12, 1980.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff–respondent.

Bruce K. Kirby, Lilley & Cowan, Springfield, for defendant–appellant.

BILLINGS, Presiding Judge.

Defendant Kenneth Norman Smith was jury–tried and convicted of first degree robbery in violation of § 569.020, RSMo 1978, and sentenced to fifteen years imprisonment. He contends the trial court erred in failing to give his tendered instruction submitting second degree robbery. We affirm.

The evidence showed that defendant entered a Springfield, Missouri, liquor store armed with a .38 caliber pistol, pointed the weapon at the store manager and demanded money. As defendant departed the building the manager obtained a pistol and shots were exchanged. Defendant testified his pistol was loaded with blank cartridges and thus he was entitled to an instruction on the lesser included offense of second degree robbery.

First of all, defendant did not assign his present contention of error in his motion for new trial. To preserve an allegation of error for appellate review Rule 29.11(d) requires such to be included in a defendant's motion for new trial. *State v. Fingers*, 564 S.W.2d 579 (Mo.App.1978). Secondly, the tendered instruction is not set out in defendant's brief as required by Rule 30.06(e). Consequently, defendant's contention is not preserved for our review. *State v. Stuebinger*, 552 S.W.2d 338 (Mo.App.1977).

Aside from the foregoing derelictions, there is no merit in defendant's con-

tention. His trial testimony that the pistol was loaded with blank cartridges and that he did not intend to hurt the store manager does not alter the fact that a .38 caliber pistol is a deadly weapon as mentioned in the first degree robbery statute and it matters not whether the pistol was loaded with live cartridges, blank cartridges, or no cartridges at all. *State v. Mays*, 598 S.W.2d 613 (Mo.App.1980).

The judgment is affirmed.

TITUS and GREENE, JJ., concur.