Robert Andrew SNEED,
Appellant-Movant,

v.

STATE of Missouri, Respondent.

No. 42295.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 28, 1981.

James Dailey Wahl, St. Louis, for appellant-movant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

CRIST, Presiding Judge.

Rule 27.26 motion.

Movant was convicted on October 29, 1974 of three counts of robbery first degree, and was sentenced, concurrently, to 28 years imprisonment on Count I and ten years imprisonment each on Counts II and III. On appeal, the judgment and sentence for Count I was affirmed but the judgments for Counts II and III were reversed for insufficient evidence. *State v. Sneed*, 549 S.W.2d 105 (Mo.App.1977).

On July 11, 1978, movant filed a Rule 27.26 motion alleging that the trial court abused its discretion in failing to sever *sua sponte* the three robbery counts under Rule 24.04.[1] Pursuant to a hearing, movant's Rule 27.26 motion was overruled. The trial court, in overruling the motion, concluded that the three charges were all part of the same transaction rendering proper joinder under Rule 24.04. We affirm.

The evidence presented at trial showed as follows: Movant visited the home of his cousin, Michael Guffey, late in the evening on July 21, 1973, and asked him if he wanted "to go out and make some money." Guffey assented. Movant, Guffey and one Joe Castelli then went, in Castelli's car, to an apartment complex where all three donned stocking masks. Guffey armed himself with a pistol he found in Castelli's car. The three knocked on the door of an apartment occupied by Barney Weisberg. Weisberg opened the door and the three forced their way inside the apartment. Movant and his confederates threatened Weisberg and his family with the pistol and robbed them of money, a wrist watch and a number of guns. The three then left Weisberg's apartment.

Outside of Weisberg's apartment. Guffey and Castelli encountered two men, Clarence Martin and Michael Vitale, whom they also robbed at gunpoint. At trial, Martin testified that he saw three men when he was robbed, but neither he nor Vitale were able to connect movant with the second robbery. Guffey testified for the state at movant's trial. He denied that movant was involved in the second robbery.

The sole issue on this appeal is whether the trial court was clearly erroneous in overruling defendant's Rule 27.26 motion and concluding that the three robbery counts were properly joined and tried in one action under Rule 24.04.

Liberal joinder of criminal charges is favored and the propriety of joinder is within the sound discretion of the trial court. *State v. Decker*, 591 S.W.2d 7, 9–10 (Mo.App.1979); see, Rule .24.07. The robberies of the Weisbergs, Vitale and Martin share not only a contemporaneous time, location and weapon but a common scheme as well. That scheme was "to go out and make some money." The factual connections and common scheme are sufficient to warrant the trial court's failure *sua sponte* to sever the offenses. The Rule 27.26 judge was not clearly erroneous in so holding.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.

---

1. Rule 24.04, as cited by the parties is now substantially embodied in Rule 23.05(b) effective January 1, 1980.