**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Gary Lee RUNYON,**
**Defendant-Appellant.**

No. 43098.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 11, 1981.

Fredrich J. Cruse, Public Defender, Hannibal, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

This is an appeal from a judgment of conviction of second degree burglary, § 569.170, RSMo 1978.[1] The case was tried by the court without a jury. Appellant was sentenced to five years' imprisonment.

Appellant relies on four points: (1) he argues that the state failed to prove beyond a reasonable doubt that appellant was capable of "acting knowingly" at the time he committed the burglary after he submitted evidence of his intoxicated condition; (2) he contends the trial court erred in refusing to allow appellant's counsel to impeach Officer Shinn's testimony by means of a demonstration which involved a counter in the courtroom as compared to a counter in the store which was burglarized; (3) he asserts the trial court erred in permitting the prosecuting attorney to cross-examine him about facts of a prior conviction for impeachment purposes; and (4) he charges he was denied his constitutional rights in violation of the Equal Protection Clause of the Missouri Constitution, Article 1, Section 2 and the Fourteenth Amendment to the United States Constitution when the trial court denied his application for probation. The judgment is affirmed.

Appellant was arrested at approximately 3:00 a.m. on March 29, 1979 at the Williams' Package Liquor Store located at 2000 Market Street in the City of Hannibal, Missouri. He was apprehended behind the counter of the store where he was taking cigarette packages from a shelf and placing them in a brown paper bag. The door of the store

1. All statutory references are to RSMo 1978.

was ajar and the front door glass was broken.

Additional facts will be discussed when necessary to the consideration of appellant's points relied on.

▪ The appellate court, in reviewing a court-tried criminal conviction, reviews the evidence as though a verdict of guilty had been returned by a jury. *State v. Ore*, 567 S.W.2d 691, 693[1–3] (Mo.App.1978). Rule 27.01(b). The reviewing court determines if there was substantial evidence to support the trial court's finding, considering as true the evidence most favorable to the state and all favorable inferences stemming from the evidence. Evidence and inferences to the contrary are disregarded. *State v. Turnbough*, 604 S.W.2d 742, 744[1] (Mo.App. 1980).

Appellant first contends the state failed to prove beyond a reasonable doubt that he was capable of "acting knowingly" at the time he committed the burglary after he submitted evidence of his intoxicated condition.

Voluntary intoxication, § 562.076,[2] may be a defense to the crime of second degree burglary, § 569.170,[3] if such intoxication negates the mental state of "acting knowingly," § 562.016,[4] required as an element of the crime. *State v. Gullett*, 606 S.W.2d 796, 803[1] (Mo.App.1980); *State v. Neighbors*, 613 S.W.2d 143, 146 (Mo.App.1980).

Appellant testified that he had been drinking all day and evening on March 28 on the Salt River with Danny Ledbetter and another man who gave him "downers". He could not say how much he had drunk. He stated that his memory faded about midnight and he could not remember how he had gotten back to town or into the liquor store. He could not recall putting the cigarettes in the bag but did remember Officer Shinn standing at the door of the store and the officer's service revolver pointed at his head. He remembered Officer Kolb and Officer Capp, the assisting officers, picking him up from the floor but stated he would not be able to recognize them. He testified that he could not recall anything else until the next morning.

Corporal Ross, who accompanied Officer Shinn at the time of the arrest, and Officer Capp testified that appellant gave the appearance that he may have been drinking but was not intoxicated. Officer Kolb stated appellant may have seemed confused and appeared to be intoxicated. Only Officer Capp detected a slight odor of alcohol. All of the officers testified that appellant did not slur his speech or stagger as he walked.

▪ Appellant's mental state can be determined from his testimony, evidence of his conduct before the act, the act itself, and his subsequent conduct. *State v. Gullett, supra* at 806[5]. The fact that appellant did not remember committing the crime is not conclusive that he was not aware of the nature of his conduct or its consequences. *State v. Gullett, supra* at 806[6]. Appellant remembered drinking on the Salt River and was able to describe the man who gave him downers. He remem-

---

**2.** Section 562.076 reads: "1. A person who is in an intoxicated or drugged condition whether from alcohol, drugs or other substance, is criminally responsible for conduct unless such condition (1) Negatives the existence of the mental states of purpose or knowledge when such mental states are elements of the offense charged or of an included offense . . . ."

**3.** Section 569.170 reads: "1. A person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein . . . ."

**4.** Section 562.016 reads: "1. Except as provided in section 562.026, a person is not guilty of an offense unless he acts with a culpable mental state, that is, unless he acts purposely or knowingly or recklessly or with criminal negligence, as the statute defining the offense may require with respect to the conduct, the result thereof or the attendant circumstances which constitute the material elements of the crime. . . . 3. A person 'acts knowingly', or with knowledge, (1) With respect to his conduct or to attendant circumstances when he is aware of the nature of his conduct or that those circumstances exist; or (2) With respect to a result of his conduct when he is aware that his conduct is practically certain to cause that result . . . ."

bered seeing Officer Shinn at the door and the gun pointed at his head. He was apprehended putting 35 packs of cigarettes in a paper bag. At the time of the arrest he stated to Officer Shinn, "If I had a gun, I would have killed you." He remembered Officer Kolb and Officer Capp picking him up from the floor where Officer Shinn had forced him to lie. Both officers testified that appellant appeared to understand that they were police officers and that he understood his *Miranda* rights when read to him at the police station.

■ The credibility of the witnesses was for the trial court to decide. The court was entitled to reject appellant's evidence and to accept the testimony of the police officers that appellant appeared to understand what was going on around him, and, although appellant may have been drinking, he was not intoxicated. There was substantial evidence to support the finding beyond a reasonable doubt that appellant was aware of the nature of his conduct and its consequences. *State v. Gullett, supra* at 806[7].

In his second point appellant asserts that the trial court erred in refusing to allow appellant's counsel to impeach Officer Shinn's testimony that he could not see appellant's left hand when Officer Shinn drew his service revolver at the time of the arrest.

Officer Shinn testified that he saw appellant behind the counter, drew his service revolver and ordered him to get down on the floor. When appellant failed to respond, the officer stated that he moved within about one foot of appellant because he could not see appellant's left hand.

Appellant's counsel attempted to impeach the officer's testimony by asking him to compare the length and width of the courtroom counter to the counter of the liquor store, and to say whether he could see the court reporter or the court reporter's hands over the counter. There was no showing that the courtroom counter was the same height as the liquor store counter. The questions were objected to by the state as irrelevant and properly sustained by the trial court.

■ A witness may be cross-examined on irrelevant matters for the purpose of attacking his credibility, but the nature and extent of such cross-examination is largely within the sound discretion of the trial court. *State v. Kirk*, 510 S.W.2d 196, 200[8–10] (Mo.App.1974). There was no abuse of discretion.

Appellant next contends that the trial court erred in permitting the prosecuting attorney to cross-examine him about the facts of the prior felony conviction.

■■ The state is entitled in a criminal prosecution to inquire about prior convictions of a witness to affect his credibility. *State v. Toliver*, 544 S.W.2d 565, 568[4–6] (Mo. banc 1976). The scope of such inquiry is subject to the discretion of the trial judge to act, upon timely objection, to prevent probing of a conviction for any purpose other than to affect the credibility of the witness. *State v. Toliver, supra* at 568[4–6]; *State v. Burnson*, 555 S.W.2d 359, 361–362[2–5] (Mo. App.1977).

■ The trial court did not abuse its discretion in allowing the prosecutor, over objection, to cross-examine appellant about his memory of the prior conviction. Appellant admitted that he had been convicted of burglary about ten years ago, but stated he could not remember the crime. The prosecutor then asked appellant if he was drunk or had a drinking problem at that time and whether his lack of memory of the prior crime could be alcohol related. The challenged questions sought only to demonstrate appellant's lack of recall about any crimes he committed and were considered for credibility purposes only.

■ Assuming, without deciding, that it was error to permit the questions, any error was harmless. The additional facts did not aggravate the conviction itself and appellant suffered no prejudice from the inquiry. *State v. Williamson*, 584 S.W.2d 628, 630[4] (Mo.App.1979).

■ Appellant's final point on appeal is that the trial court erred in denying his

application for probation in violation of the equal protection clauses of the Missouri and United States Constitutions. He argues that his 325 days of prison time and the recommendation of the probation officer that appellant be placed on probation entitled him to probation or parole.

Appellant did not raise this constitutional claim at the first available opportunity and has failed to preserve the issue for review. *Christiansen v. Fulton State Hospital*, 536 S.W.2d 159, 160[1, 2] (Mo. banc 1976); *State v. Helt*, 581 S.W.2d 604, 612[6] (Mo.App. 1979).

The judgment is affirmed.

CRIST, P.J., and REINHARD, J., concur.