L. R. Magee, Kansas City, for appellant; Hines & Magee, Kansas City, of counsel.

Michael A. Insco, Pros. Atty., Patrick K. Robb, Asst. Pros. Atty., St. Joseph, for respondent.

Before TURNAGE, P. J., and PRITCH-ARD and CLARK, JJ.

**STATE of Missouri, Respondent,**

v.

**Lester E. HUFFMAN, Appellant.**

**No. WD 32768.**

Missouri Court of Appeals, Western District.

Jan. 19, 1982.

TURNAGE, Presiding Judge.

Lester E. Huffman was convicted of driving while his driver's license was revoked. Section 302.321, RSMo 1978.[1] After a trial by the court, he was sentenced to ninety days in the county jail.

On this appeal, Huffman contends the copy of his driver's license record from the Department of Revenue was improperly admitted in evidence. Affirmed.

Huffman does not challenge the sufficiency of the evidence if the driver's record were properly admitted. He was arrested while driving on Interstate 29 in Buchanan County on October 25, 1980 when he failed to produce an operator's license and was thereafter charged with driving while his license was revoked.

The state introduced exhibits A through D which were certified by the custodian of the records to be true and authentic records of the Driver's License Bureau of the Department of Revenue. Those exhibits contained a copy of a "Notice of Loss of Driving Privilege" mailed to Huffman which notified him that his privilege to legally operate a motor vehicle had been revoked for one year on April 16, 1980. Other exhibits contained an abstract of all of Huffman's driving infractions from 1968 to May 1980.

Huffman contends the records from the Department of Revenue were not authenti-

cated or identified by a custodian and no evidentiary support of the origination of the records was shown so that the record was in fact hearsay. Contrary to Huffman's contention, the record from the Department of Revenue was certified by the custodian of records as required by Section 302.312. That section provides:

Copies of all papers and documents lawfully deposited or filed in the offices of the department of revenue and copies of any matter recorded in the offices, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state in the same manner and with like effect as the originals.

Huffman's contention was answered in *State v. Flowers*, 597 S.W.2d 276, 277 [1, 2] (Mo.App.1980). There the court held that records certified in compliance with Section 302.312 were admissible and an objection that such records were hearsay was properly overruled. The same situation exists here. The records were properly certified and showed that Huffman's privilege to operate a motor vehicle had been revoked for one year on April 16, 1980. When the records were properly certified, it was not necessary for a custodian to testify as to the identity of the documents. The records from the Department of Revenue were properly admitted. The evidence was sufficient to support a finding that Huffman was operating a motor vehicle while his license was revoked.

The judgment is affirmed.

All concur.