STATE of Missouri, Respondent,

v.

Donald BEXTERMUELLER, Appellant.

No. 40756.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 30, 1982.

Wayne T. Schoeneberg, St. Charles, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Ronald L. Boggs, Pros. Atty., St. Charles County, St. Charles, for respondent.

STEPHAN, Judge.

Defendant appeals from convictions of manslaughter, § 559.070, RSMo 1969, and driving while intoxicated, § 564.440, RSMo 1969. In accordance with the verdict, defendant was sentenced to nine months' imprisonment for manslaughter and three months' imprisonment for driving while intoxicated, the sentences to be served consecutively. We affirm.

This case arises out of a collision between a pickup truck driven by defendant and a motorcycle operated by Donald Bell which resulted in Bell's death. The collision occurred when defendant, who had been driving westwardly on Jungs Station Road in St. Charles County made a left turn into a shopping center in front of Bell's eastbound motorcycle. The motorcycle struck the right side of the truck. Bell was thrown over the truck bed and was killed.

In his first two points on appeal, defendant essentially attacks the sufficiency of the evidence to convict him of manslaughter, in that: (a) the state's evidence showed that Bell's operation of the motorcycle caused or contributed to his death; and (b), the evidence as a whole was insufficient to support the conviction. In these respects, defendant claims that the trial court erred in denying his motions for acquittal at the close of the state's case and at the close of all the evidence. Under such circumstances, we consider the facts and inferences to be drawn from them in the light most favorable to the state disregarding evidence and inferences to the contrary. *State v. Moon*, 602 S.W.2d 828, 831 (Mo. App.1980); *State v. Crews*, 585 S.W.2d 131, 136 (Mo.App.1979).

From the evidence, the jury could properly conclude that immediately prior to the collision Bell was traveling in the eastbound lane of Jungs Station Road at a

speed of approximately thirty miles per hour in the vicinity of the Daniel Boone Shopping Center. The defendant, attempting to enter the shopping center area, made a left turn off Jungs Station Road in front of Bell when Bell was approximately ten to twenty feet to the west of defendant's vehicle. Bell attempted unsuccessfully to swerve to avoid the collision, but struck the right side of defendant's pickup truck. Defendant did not see the motorcycle before the collision, although it was daylight at the time.

Law enforcement officers, who arrived on the scene shortly after the event, noted that defendant's breath smelled of alcohol, that he was staggering and appeared to be in a daze, that he was not responsive to instructions and needed support to stand. Two of the officers expressed the opinion that defendant was intoxicated. Empty beer cans were found in the cab of defendant's truck; one was partially full and cool to the touch. A blood sample taken with defendant's permission at a hospital some two hours after the accident revealed a level of twenty-five hundredths of one percent of alcohol in defendant's blood.

In support of his first point, defendant relies upon mathematical computations based primarily upon estimates of several state's witnesses as to the relative positions of the vehicles in the instants immediately preceding the collision. By reference to a scale map of the scene which was in evidence but was not filed with this Court, defendant argues, in effect, that the jury could have found that the deceased had accelerated to more than fifty miles per hour immediately prior to the collision and was traveling not in his proper lane but on the shoulder of the road. We discuss this argument no further. As pointed out above, we view the facts in the light most favorable to the verdict and determine that, contrary to what defendant argues could have caused the collision, the evidence supports the finding that it was caused by the actions of the defendant rather than the deceased. The mere fact that defendant hypothesized another cause for the collision is not enough to remove the case from the jury. *State v. Puckett,* 611 S.W.2d 242, 244 (Mo.App.1980).

Defendant's second point varies only slightly from his first. He argues that the state, although it may have shown that defendant operated a vehicle while intoxicated, failed to show a reckless disregard for human life, i.e. culpable negligence. The latter is indeed a necessary element of the crime of manslaughter, *State v. Manning,* 612 S.W.2d 823, 826 (Mo.App.1981), which is not supplied by evidence of intoxication alone. Defendant acknowledges, as he must, however, that evidence of ingestion of alcoholic beverages may be considered with other evidence on the issue of culpable negligence. *State v. Kays,* 492 S.W.2d 752, 758 (Mo.1973); *State v. Carter,* 451 S.W.2d 340, 344 (Mo.1970). Here, the evidence warranted a finding that defendant operated his vehicle with "reckless disregard for human life and safety" (as hypothesized by the trial court's correct and unchallenged instruction) by turning his vehicle into the path of the deceased's motorcycle at a moment when the motorcycle was approaching at thirty miles per hour and was a mere ten to twenty feet away. See *State v. Kays,* supra, 758[3]. Defendant's motions for acquittal were properly denied.

Defendant next contends that he was subjected to double jeopardy in that his conviction for manslaughter and driving while intoxicated resulted in multiple punishments for the same offense. In this connection, defendant argues that the trial court erred in failing to grant his motions to require the state to elect between the counts, citing *Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980). That case involved a prosecution for manslaughter after a conviction for failure to reduce speed to avoid an accident, all of which arose out of the same occurrence. Basing its decision on the federal constitutional prohibition against double jeopardy, the Supreme Court of Illinois held that the manslaughter prosecution was barred because "the lesser offense, failing to reduce speed, requires no proof beyond that which is nec-

essary for conviction of the greater, involuntary manslaughter, ... for purposes of the double jeopardy clause, the greater offense is by definition the 'same' as the lesser offense included within it." *In re Vitale,* 71 Ill.2d 229, 16 Ill.Dec. 456, 375 N.E.2d 87, 91 (Ill.1978). The Supreme Court of the United States vacated that judgment, however, "[b]ecause of our doubts about the relationship under Illinois law between the crimes of manslaughter and a careless failure to reduce speed to avoid an accident, and because the reckless act or acts the State will rely on to prove manslaughter are still unknown ..." *Vitale,* supra, 447 U.S. 410, 421, 100 S.Ct. 2260, 2267, 65 L.Ed.2d 228, 238–239. In arriving at that holding, the United States Supreme Court held that the offenses would only be the "same" if, under Illinois law, a careless failure to slow was always a necessary element of manslaughter by automobile or, in that particular case, it would be necessary for the state to prove a failure to slow in order to sustain its manslaughter case. *Id.,* 447 U.S. 410, 419–420, 100 S.Ct. 2260, 2266–67, 65 L.Ed.2d 228, 237–238. Neither situation obtains here. As demonstrated above, evidence of intoxication was admissible along with other evidence (e.g. reckless failure to yield the right of way) on the issue of culpable negligence. It was not, however, a necessary element of the manslaughter conviction.

■ In Missouri, manslaughter by automobile may be committed by a completely sober person guilty of culpable negligence. § 559.070, RSMo 1969.[1] Driving while intoxicated is a separate offense. Conviction of each crime requires proof of facts that the other does not. The fact that some evidence overlaps to support the convictions for both does not violate the prohibition against double jeopardy. *State v. Murray,* 630 S.W.2d 577, 582 (Mo. banc 1982); *State v. Powell,* 581 S.W.2d 586, 587 (Mo.App.1979). See also *State v. Carter,* 535 S.W.2d 537 (Mo.App.1976), which involved separate prosecutions, arising out of the same traffic accident, one for driving while intoxicated and the other for careless and imprudent driving for failure to yield the right of way. In rejecting defendant's double jeopardy argument, the court said, "the condition of intoxication was not an incident of the proof of the magistrate conviction for failure to yield the right of way. On the other hand, the defendant was subject to lawful conviction for failure to yield even though done with utter sobriety." *Id.,* 538.

So it is here. Defendant's right not to be placed in jeopardy twice for the same offense was not violated.

Defendant's final contentions are to the effect that the trial court erred in overruling his pre-trial motions for a severance of the counts and separate trials on each. Defendant first asserts that evidence of Donald Bell's death was not necessary to the proof of the intoxication charge and was prejudicially inflammatory in that respect. Next, defendant claims that evidence of his intoxication deprived him of a fair trial on the manslaughter charge because there was no showing of a causal relationship between defendant's intoxication and the culpable negligence required to support his manslaughter conviction. We find both contentions to be without merit.

■ At the outset, we note that, "[a] defendant does not have either a federal or state constitutional right to be tried on only one offense at a time." *State v. Baker,* 524 S.W.2d 122, 126 (Mo. banc 1975). A motion to sever offenses for trial is within the trial court's discretion, and the denial of such a motion will be disturbed only upon a clear showing of abuse of discretion. *State v. Shive,* 621 S.W.2d 715, 716 (Mo.App.1981); *State v. Decker,* 591 S.W.2d 7, 10 (Mo.App. 1979).

■ We find no abuse of discretion here. In arriving at such determination, courts consider "the number of offenses charged, the complexity of the evidence to be offered and the consequent ability of the jury to distinguish the evidence and apply

1. Now denominated § 565.005, RSMo 1978.

the law intelligently as to each offense." *Decker*, supra, 9–10. The defendant's driving while intoxicated and turning in front of Donald Bell, who was approaching just a short distance away, related the offenses in terms of time, place, and purpose and brought the acts well within the standard enunciated by Rule 24.04, in effect at the time of the trial.[2] Moreover, given the relative factual simplicity of the case, we cannot conceive that the jury was in any way misled or confused by the evidence or in any way hampered in its application of the law, as contained in the instructions.

We believe that what has been said above relating to the admissibility of the evidence of intoxication on the issue of defendant's culpable negligence disposes of defendant's final argument. A direct causal relationship need not be shown. The "principal criterion" guiding the trial court's discretion in the admission of potentially prejudicial or inflammatory evidence is relevance. *State v. Wood*, 596 S.W.2d 394, 403 (Mo. banc 1980). Defendant's intoxication was relevant to the issue of his "state of mind evidencing gross and culpable negligence, and therefore the evidence was relevant to an essential element of the State's case." *State v. Feger*, 340 S.W.2d 716, 725 (Mo. 1960). The trial court did not err in denying the motions for severance of the counts and separate trials.

The judgment is affirmed.

STEWART, P.J., and CRANDALL, J., concur.

---

**2.** The portion of Rule 24.04 referred to here is now denominated Rule 23.05 and provides:

"All offenses that are based on the same act or on two or more acts that are part of the same transaction or on two or more acts or transactions that constitute parts of a common scheme or plan may be charged in the same indictment or information in separate counts."