STATE of Missouri, Respondent,

v.

Milton C. COUVION, Appellant.

No. 45840.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 7, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 15, 1983.

Stephen G. Gilmore, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Defendant appeals from jury convictions of second degree burglary, stealing over $150.00, and attempted second degree burglary. Defendant was sentenced to three, consecutive six month terms of imprisonment and fined $5,000.00. We affirm.

During the early morning hours of August 8, 1981 there was an attempted burglary of a leopard cub from the St. Louis Children's Zoo. Defendant was spotted at the entrance of the Children's Zoo by a zoo ranger as he drove by. However, upon returning to investigate, the defendant had fled. The ranger found pry and scratch marks on the door at the entrance as well as a crack in the plexiglass ticket window. Fingerprints found on the glass were later identified as defendant's.

The following morning, again, during the early hours, while on an hourly routine check of the zoo, rangers found the ticket window at the entrance of the Children's Zoo had been broken out, the door had been

pried and the lock bent. Inside, they discovered a black leopard cub was missing from her cage. A patrolling police officer noticed defendant's car parked near the Children's Zoo both mornings.

The defendant does not challenge the sufficiency of the evidence but complains of a number of trial errors. In his first assignment of error, defendant contends the trial court erred in failing to grant his motion to sever the attempted burglary charge from the burglary and stealing charge. Rule 23.-05. Defendant argues the attempted burglary and the successful stealing were not part of a common scheme or plan and he was prejudiced by having the charges tried together.

■ We note initially that liberal joinder of criminal charges is favored and the decision of whether a motion to sever offenses should be granted is a matter within the sound discretion of the trial court. *Sneed v. State,* 615 S.W.2d 658, 659 (Mo. App.1981). In deciding, the court weighs the benefits to be derived from joinder of offenses against the potential prejudice to defendant. In assessing prejudice the court should consider the number of offenses charged, the complexity of the evidence offered, and the ability of the jury to distinguish the evidence and apply the law intelligently to each offense. *State v. Decker,* 591 S.W.2d 7, 9–10 (Mo.App.1979). "Reversal of the trial court is proper only upon a clear showing of prejudice and abuse of the trial court's discretion." *Id.* at 10.

■ In this case it was within the trial court's discretion to deny defendant's motion to sever. There was evidence of a common scheme or plan, that is to say the offenses were products of a single or continuing motive. *State v. McCrary,* 621 S.W.2d 266, 271 (Mo.banc 1981). The two crimes took place within a 24 hour period, at the same site, and at the same time of day. Entry was attempted and gained by the same means. Defendant was placed at the scene each morning. It is not unreasonable to infer that it was the defendant's intent to steal the cub. Not accomplishing

his goal the first day, he returned to do so on the second.

Moreover, defendant's assertions of prejudice arising out of the joinder are based on speculation. We can find no prejudice to the defendant in joining the offenses. See, *State v. Decker,* 591 S.W.2d 7. The evidence was not complex and the jury was guided by MAI–CR.2d 2.70 which directs the application of the law to the evidence. *State v. McCrary,* 621 S.W.2d at 272.

■ Defendant next asserts the trial court erred in not giving MAI–CR.2d 3.60 as he requested. However, defendant did not request this instruction be given, nor was the text of the instruction set out in the argument portion of his brief. Rule 30.06(e).

The court properly submitted MAI–CR.2d 2.70 rather than MAI–CR.2d 3.60. MAI–CR.2d 2.70 applies to instances where the defendant is charged with multiple counts in the same trial whereas MAI–CR.2d 3.60 deals with limiting instructions as to prior related or unrelated offenses. Note on Use, MAI–CR.2d 2.70, 3.58. Moreover, in light of defendant's failure to request this particular instruction, there is no reversible error. *State v. Minor,* 548 S.W.2d 598, 601 (Mo. App.1977).

For his third point, defendant asserts "plain error" in the court's permitting the prosecutor to cross-examine a defense witness as to statements allegedly made to the prosecutor prior to trial. Rule 29.12(b). The statements concerned the advertisement, purchase and sale of exotic animals. The trial court had previously ruled the prosecutor would be bound by the witness' answer but the prosecutor continued questioning despite witness' disagreement as to the content of the conversation. Defendant argues the court should have been limited to its first ruling, and the prosecutor should have been prevented from questioning the witness beyond his first negative response. We disagree.

■ The nature and extent of a cross-examination aimed at impeaching the credibility of a witness is largely within the

discretion of the trial judge. *State v. Runyon*, 619 S.W.2d 955, 958 (Mo.App.1981). There was no objection to the cross-examination of the witness by defendant's counsel. We find no error and accordingly find defendant suffered no manifest injustice as a result of the cross-examination. See, *State v. Cass*, 614 S.W.2d 784 (Mo.App. 1981).

■ Finally, defendant argues the trial court erred in failing to instruct on the lesser included offenses of first and second degree trespass. Defendant has not preserved this point for review because his request for new trial does not contain a recital of the facts and evidence which would warrant the giving of the lesser included offense instructions offered by defendant. *State v. Stuebinger*, 552 S.W.2d 338, 339 (Mo.App.1977); *State v. Brydon*, 626 S.W.2d 443, 454 (Mo.App.1981).

■ In any event, defendant was not entitled to a first degree trespass instruction as the evidence presented by State showed commission of second degree burglary and attempted second degree burglary. There was no evidence from which the jury could find the Children's Zoo was entered with no intent to commit a crime, as required for conviction of first-degree trespass. *State v. Davis*, 625 S.W.2d 903, 905–906 (Mo.App. 1981). Appellant's defense at trial was that he was innocent.

■ As to defendant's request for an instruction on trespass in the second degree, trespass in the second degree is not a lesser included offense of burglary. The former requires entry onto real property whereas the latter requires entry into a building. *State v. Neighbors*, 613 S.W.2d 143, 147 (Mo.App.1980).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.