**STATE of Missouri, Respondent,**

v.

**Jerry Leon WILLIAMSON, Appellant.**

No. WD–33854.

Missouri Court of Appeals,
Western District.

March 20, 1984.

David M. Strauss, Public Defender, Columbia, for appellant.

John Ashcroft, Atty. Gen., Dan Crawford, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P.J., and CLARK and BERREY, JJ.

PER CURIAM:

Jerry Leon Williamson was convicted by jury of leaving the scene of a motor vehicle accident, Section 577.060 RSMo 1978[1], Count I; driving while intoxicated, Section 577.010[2], Count II; and driving without an operator's license, Section 302.020. Pursuant to the jury's verdict, the trial court assessed punishment at two years imprisonment in the Department of Corrections on Count I, five hundred dollars and six months imprisonment in the Boone County Jail on Count II, and six months imprisonment in the Boone County Jail on Count III, the sentences to be served concurrent-ly. Williamson appeals his convictions. Judgment affirmed.

On September 29, 1981, at approximately 5:00 p.m., Celestine Anyanwu was driving his automobile southbound in the right lane on U.S. Highway 63. As Anyanwu approached the intersection of Highways 63 and 163, a large brown Buick traveling eastwardly on Highway 163 entered the intersection without stopping at the posted stop sign and struck Anyanwu's car. Anyanwu suffered several injuries, and his car was extensively damaged. The Buick's driver, the Appellant, did not stop at the accident scene to exchange information with Anyanwu nor did he attempt to contact Anyanwu later.

David Giovanini was driving south on Highway 63 in the passing lane, preparing to pass Anyanwu's car, when the collision occurred. The impact knocked Anyanwu's car into Giovanini's lane where it collided with Giovanini's car. The Appellant's car also struck Giovanini's car. Giovanini's car was damaged, but he was not injured. After the collisions, the Appellant turned his car around, stopped momentarily to discharge a passenger and then headed northbound on Highway 63. The Appellant never contacted Giovanini concerning the accident.

Charles Jeudeman, another motorist, stopped at the scene. At Giovanini's behest, Jeudeman followed the Appellant's Buick, which had been severely damaged. The Appellant pulled his car into the parking lot at KOMU–TV, at least one mile away. After the Appellant parked his car, Jeudeman observed the Appellant lean over, open the passenger door and put something under the car. Thereafter, the Appellant and a little boy about five years old got out of the Buick. According to Jeudeman, the child did not appear injured. Jeudeman then instructed a woman at the television station to call the police.

Boone County Deputy Sheriff Larry McCray arrived at the television station at

---

**1.** All statutory references are to RSMo 1978. Section 577.060 since has been revised. Section 577.060 RSMo Supp.1983.

**2.** This statute since has been revised. Section 577.010 RSMo Supp.1983.

approximately 5:25 p.m. Trooper James Lane of the Missouri State Highway Patrol arrived at approximately 6:00 p.m. Both officers noticed that the Appellant's speech was slurred, his eyes were bloodshot, and his pupils were dilated. They smelled the strong odor of intoxicants, particularly beer, emitting from the Appellant's car. Both opined that the Appellant was intoxicated, although the Appellant told Trooper McCray he had not been drinking. The Appellant did not have an operator's license.

Deputy McCray discovered six "cold and sweaty" cans of beer under the passenger side of Appellant's car. He also found an empty beer can and cooler inside the car. The Appellant was able to walk and did not appear badly injured. However, he was taken by ambulance to the hospital. When Deputy McCray questioned him later that night at the hospital, the Appellant denied any knowledge about the beer.

Ernest Raub of the Missouri State Highway Patrol arrived at the accident scene at approximately 5:30 p.m. He noted the extensive damage to Anyanwu's and Giovanini's vehicles. The following day, he issued traffic summonses to the Appellant for failing to stop at a stop sign and for driving with a revoked operator's license. The Appellant admitted to Raub that he had been driving the Buick and that he had left the accident scene.

The Appellant testified in his own behalf that he had stopped his car at the stop sign at the intersection of Highways 63 and 163. He saw a car approach with its directional signal blinking. The Appellant assumed the car's driver was going to turn, so he proceeded into the intersection where the collision occurred. He said he left the accident scene because he was hurt severely and he feared his son also was injured. He said he proceeded to KOMU–TV to summon an ambulance. He denied knowing that he caused the other drivers any injury or property damage when he left. The Appellant did not summon help when he reached the television station.

The Appellant stated he had only two beers that day right after lunch. He testified he could not recall putting the six beer cans under his car in the parking lot. He admitted he was the Buick's driver and that he was driving without an operator's license.

■ The trial court admitted into evidence, over the Appellant's objection, a certified copy of the Appellant's driving record from the Missouri Department of Revenue for the purpose of showing that the Appellant did not have a valid operator's license. In his first point on appeal, the Appellant argues that his driving record was inadmissible as hearsay and could not be introduced except with testimony from the custodian of the official records to provide a foundation.

This Court twice recently addressed and rejected this same argument in *State v. Wilson*, 651 S.W.2d 512 (Mo.App.1983) and *State v. Huffman*, 627 S.W.2d 672 (Mo. App.1982). Therein we held that "[w]hen the records were properly certified, it was not necessary for a custodian to testify as to the identity of the documents." *State v. Wilson*, supra at 517; *State v. Huffman*, supra at 673. The certified copy of the Appellant's driving record was admissible. The point is denied.

Prior to trial, the trial court denied the Appellant's motion to sever and separately try Count I, leaving the scene of a motor vehicle accident, from Count II, driving while intoxicated. In his second point, the Appellant argues that because the two counts were tried together, he was prevented from asserting the defense of voluntary intoxication to the charge of leaving the scene of a motor vehicle accident. He contends that had he raised such defense, it would have established his guilt of driving while intoxicated.

■ The decision of whether to grant a motion to sever offenses lies within the sound discretion of the trial court. *State v. Couvion*, 655 S.W.2d 80, 82 (Mo.App.1983); *State v. Bextermueller*, 643 S.W.2d 292, 295 (Mo.App.1982); Rule 24.07. Broad

joinder is encouraged in the interest of more efficient administration of criminal justice. *State v. Darnell,* 639 S.W.2d 869, 871 (Mo.App.1982); *State v. Decker,* 591 S.W.2d 7, 9 (Mo.App.1979). In deciding whether to sever charges, the trial court weighs the benefits to be derived from joinder of offenses against potential prejudice to the defendant. *State v. Couvion, supra* at 82; *State v. Decker, supra* at 9. Reversal of the trial court is proper only upon a clear showing of prejudice and abuse of the trial court's discretion. *State v. Couvion, supra* at 82; *State v. Bextermueller, supra* at 295; *State v. Decker, supra* at 10.

■ Voluntary intoxication, Section 562.076.1(1), operates as a defense to the charge of leaving the scene of a motor vehicle accident by negating "the existence of the mental states of purpose or knowledge when such mental states are elements of the offense...."[3] *See State v. Bienkowski,* 624 S.W.2d 107, 108 (Mo.App.1981). To support an instruction on this defense, the evidence must tend to show that the defendant was so intoxicated he did not know what he was doing. The defendant is entitled to the benefit of his evidence and the inferences flowing therefrom. *State v. Bienkowski, supra* at 108.

■ In the instant case, the Appellant's evidence would not have supported the defense of voluntary intoxication. The Appellant testified that he drank only two beers that day right after lunch and had spent the rest of the afternoon chopping wood and dismantling a fireplace. He recounted in detail events preceding and subsequent to the accident. He denied that he was so intoxicated that he did not know what he was doing.

■ A defendant may be prejudiced when he has made a convincing showing that he has both important testimony to give concerning one count and strong need

to refrain from testifying on the other. *United States v. Jardan,* 552 F.2d 216, 220 (8th Cir.), *cert. den.* 433 U.S. 912, 97 S.Ct. 2982, 53 L.Ed.2d 1097 (1977).

In making such a showing, it is essential that the defendant present enough information—regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other—to satisfy the court that the claim of prejudice is genuine and to enable it intelligently to weigh the considerations of "economy and expedition in judicial administration" against the defendant's interest in having a free choice with respect to testifying.

*Id., quoting Baker v. United States,* 401 F.2d 958, 977 (1968), *aff'd after remand,* 430 F.2d 499, *cert. den.* 400 U.S. 965, 91 S.Ct. 367, 27 L.Ed.2d 384 (1970).

In his motion to sever, the Appellant alleged that "the testimony he will be required to give in defense of Count I [leaving the scene of a motor vehicle accident] of the State's Information will be prejudicial to his defense of the remainder of the counts in the State's Information."

■ The Appellant did not present to the trial court the claim that a joint trial on Counts I and II would prevent him from asserting the defense of voluntary intoxication to the charge of leaving the scene of a motor vehicle accident. The Appellant failed to allege in his motion to sever sufficient facts which if true would have demonstrated prejudice. The trial court did not abuse its discretion in refusing to sever Counts I and II. *State v. Williams,* 603 S.W.2d 562, 567 (Mo.1980). Judgment affirmed.

---

**3.** A driver commits the crime of leaving the scene of a motor vehicle accident when he leaves an accident scene knowing that an injury has been caused to a person or damage has been caused to property due to his culpability or to accident. Section 577.060.1 RSMo 1978. Although this statute has been revised, the element of knowledge is still required for commission of this crime. Section 577.060.1 RSMo Supp.1983.