STATE of Missouri,
Plaintiff-Respondent,

v.

Gary ALLEN, Defendant-Appellant.

No. 47589.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 19, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 8, 1984.

Application to Transfer Denied
Sept. 11, 1984.

Henry B. Robertson, Asst. Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant Gary Allen appeals from convictions in a jury-tried case of burglary first degree, § 569.160, RSMo 1978, and burglary second degree, § 569.170, RSMo 1978. The court, finding defendant a prior and persistent offender, sentenced him to concurrent fifteen-year sentences. Each burglary was charged in a separate count in the same information. The only issue is whether the trial court erred in failing to grant defendant's motion to sever the two charges for separate trials. We affirm.

At 10:30 p.m. on January 21, 1983, state's witness Spalding was in his apartment when he heard and saw defendant enter the apartment by the back door, look at Spalding for two or three seconds, and run back out into the snow. While following defendant's footprints, Spalding met Police Officers Lynch and Garnatz. After returning to Spalding's apartment for five to ten minutes and transmitting a description of the intruder, the three followed a single set of distinctive footprints visible in the newly fallen snow. The footprints went directly from the Spalding to the Guth residence and then directly to defendant who was already in the custody of two police officers. The officers had stopped defendant in response to the radio description broadcast by Officers Lynch and Garnatz. Defendant was in possession of property taken from the Guth residence. Mrs. Guth arrived home shortly after 10:30 p.m. and found that her residence had been broken into and several items taken. The Spalding and Guth residences were located in the same neighborhood.

Defendant's only contention on appeal is that the trial court erred in denying his pretrial motion to sever in that either (1) joinder in the state's information was improper under Rule 23.05 or (2) even if the information was not defective, trying both offenses was prejudicial to defendant and an abuse of the discretion given the trial court in Rule 24.07.

Rule 23.05[1] governs joinder of offenses in an indictment or information:

All offenses that are based on the same act or on two or more acts that are part of the same transaction or on two or more acts or transactions that constitute parts of a common scheme or plan may be charged in the same indictment or information in separate counts.

In order to find a "common scheme or plan" under Rule 23.05 the offenses charged must be the product of a single or continuing motive. *State v. McCrary*, 621 S.W.2d 266, 271 (Mo. banc 1981). The offenses here are interrelated. They are both burglaries accomplished by entries from the rear; they occurred on the same night within minutes of each other, in the same neighborhood approximately two blocks apart, followed the same pattern, and are "glued" to one another by defendant's footprints in the snow. Defendant broke into the Spalding home, then walked directly to the Guth home, and from there into the hands of the police who seized the Guth property from him. It appears that defendant, frustrated by his discovery at the Spalding home, continued on to Guth's residence to try again. *See State v. Allbritton*, 660 S.W.2d 322, 326–27 (Mo.App. 1983). We find sufficient evidence of a continuing motive, i.e. a common scheme or plan under Rule 23.05, to support charging both crimes in one information.

Further we find that the trial court did not abuse its discretion by trying the offenses in one proceeding. Rule 24.07 provides as follows:

When a defendant is charged with more than one offense in the same indictment or information, such offenses may be tried jointly or separately in the discretion of the court.

When, as here, offenses are properly joined in the information we reverse the denial of a severance only upon a showing of both an abuse of discretion and a

---

**1.** Rule 23.05, effective January 1, 1982, is substantially the same as former Rules 23.05(b) and 24.04(b).

**608**

clear showing of prejudice. *State v. Decker*, 591 S.W.2d 7, 10 (Mo.App.1979). Joinder is encouraged but should be balanced by a consideration of possible prejudice to the defendant. "[T]he court should consider the number of offenses charged, the complexity of the evidence to be offered and the consequent ability of the jury to distinguish the evidence and apply the law intelligently as to each offense." 591 S.W.2d at 9–10.

This case involves two burglaries. The facts and issues are neither complicated nor complex. The court gave an instruction, MAI–CR2d 2.70, directing the jury to consider the charges separately. Defendant does not argue that the nature of the charges, the facts, or the legal issues prejudicially hindered the jury in distinguishing the crimes from one another.

Defendant was not prejudiced by the denial of a severance. What was said in *State v. Williams*, 603 S.W.2d 562, 568 (Mo.1980), is dispositive here:

> We agree with appellant that the offenses charged in this case were so interrelated to each other that proof of one offense would possibly tend to establish the [other]. But, this does not, in the absence of other circumstances, result in prejudice or entitle an accused to a severance .... *Appellant cannot claim prejudice because what would result in a separate trial of each offense would also result when a single trial is held of all offenses.*

(emphasis added).

█ Even had the severance been granted here the same evidence presented at trial could have been offered in each of the two separate trials without offending the general rule that proof of the commission of separate and distinct crimes is not admissible. Such evidence of other crimes may be admitted to prove the specific crime being tried when it tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or

plan[2] embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; (5) the identity of the person charged with the commission of the crime on trial. *State v. Darnell*, 639 S.W.2d 869, 872 (Mo.App. 1982).

█ The identification testimony in the Spalding burglary was probative as to identity in the Guth burglary because of defendant's footprints in the snow. The Guth burglary tended to establish defendant's intent or motive in the Spalding entry by the same path. Under these circumstances any contention of abuse of discretion or prejudice must fail.

We affirm.

REINHARD and CRANDALL, JJ., concur.

---

**2.** Our Supreme Court has indicated that the "common scheme or plan" referred to in this context is not necessarily the same as the "common scheme or plan" of Rule 23.05. *State v. McCrary*, 621 S.W.2d at 271 n. 7.