STATE of Missouri,
Plaintiff-Respondent,

v.

Robert J. SMITH, Defendant-Appellant.

No. 48146.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 11, 1984.

David C. Hemingway, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Defendant-appellant appeals jury conviction and sentence on each of eight counts contained in an indictment. The main issue on appeal is the denial of a pretrial severance.

The eight charges arose out of three separate incidents. Count I charged robbery first degree when defendant by use of a weapon forcibly stole keys from Mary Thompson on December 10, 1982; Count II charged that defendant, in the same incident, stole a wristwatch from Candice Jones; and Count III charged armed criminal action in these robberies. Counts IV, V and VI charged defendant with robbery first degree, assault first degree and armed criminal action on December 11, 1982 when defendant forcibly stole a Smith and Wesson .38 caliber revolver from Jessie Bruce and caused him serious physical injury. The third incident resulted in charges of robbery first degree and armed criminal action, Counts VII and VIII, when defendant forcibly stole a motor vehicle from Wesley Hendrix with the use of a weapon.

Appellant raises two points on appeal. First he alleges that the trial court improperly overruled his motion to sever the counts as there was no proof of a common scheme or motive which linked the several offenses. Second he contends there was a prejudicial variance between Count V of the indictment which charged that he acted with Kent Scott when Scott shot Jessie Bruce and the corresponding verdict directing instruction which directed a finding of defendant's guilt if either he or Scott shot Bruce. The severance issue has been preserved by a pretrial motion, citing former Rule 24.04 (now Rule 23.05), by reasserting the position in motion for new trial and by brief and argument before this court.

Appellant's pretrial motion for severance, requested that Counts I, II and III should be tried together in one trial, Counts IV, V and VI in a second trial and Counts VII and VIII in a third. The state contends that all eight counts were properly tried in one trial because all of the separate acts were part of a common scheme or plan. The state maintains that the three incidents were either a related sequence of crimes connected to one another by a single scheme or plan, *see State v.*

*Foerstel,* 674 S.W.2d 583 (Mo.App.1984) or that all three crimes were jointly planned or preconceived and the evidence relating to the similarity of their execution is proof of the single scheme or plan. *See State v. Couvion,* 655 S.W.2d 80, 82 (Mo.App.1983) and *State v. (Marvin) Allen,* 641 S.W.2d 471, 474 (Mo.App.1982). Appellant argues that the three incidents were improperly joined in the indictment as they were three separate acts not shown to be a part of the same transaction and there was no common scheme, plan or motive.

There is a distinction between proper joinder of charges under Rule 23.05[1] and severance of offenses at trial under Rule 24.07.[2] The distinction was noted by our Supreme Court in *State v. McCrary,* 621 S.W.2d 266, 271 n. 7 (Mo. banc 1981), where the court said "[t]he joinder of offenses rule deals with the more basic question of what crimes can be charged in a proceeding." Severance presupposes proper joinder and is addressed to the discretion of the trial court with regard to whether prejudice may or would result if charges properly joined were tried together. Although the pretrial motion for severance did not draw the distinction, the "motion to sever" was filed "pursuant to Supreme Court Rule 24.04" (now Rule 23.05). The motion requested that Counts I, II and III be separated from Counts IV, V and VI and separated from Counts VII and VIII because each incident was separate. Rule 24.04(b)(2) requires objections based on defects in the institution of the prosecution or in the indictment or information to be raised only by motion before trial. Accordingly, we address appellant's contention as an attack on the indictment for improper joinder under Rule 23.05.

The charges were properly joined if the three incidents were part of a "common scheme or plan" or were part of the same transaction. *State v. Buford,* 582 S.W.2d 298, 302 (Mo.App.1979). Our Supreme Court first construed the meaning of these words in *State v. McCrary,* 621 S.W.2d 266, 271 (Mo. banc 1981).[3] The court found that the essential test in determining whether a common scheme or plan exists is the requirement that all the offenses charged must be "products of a single or continuing motive." 621 S.W.2d at 271. The court there found the continuing motive of revenge by harassment for the loss of defendant's paramour and his children by her. McCrary's children and their mother took up residence with another man. On November 13, 1978 McCrary apparently shot the other man and then the following March 8, 1979 he threw a firebomb into their home. The court held that the November 13, 1978 shooting and the March 8, 1979 arson and assault charges, and a concealed weapon charge based on a March 12, 1979 incident were properly joined in a single indictment because they were connected by the continuing motive of revenge by harassment.

In determining if there has been a misjoinder of offenses under Rule 23.05 only the state's evidence is considered. *State v. McCrary,* 621 S.W.2d at 271 n. 8. Liberal joinder of criminal charges is favored in order to achieve judicial economy. *State v. Couvion,* 655 S.W.2d 80, 82 (Mo. App.1983).

The state's evidence in this case was that on December 10, 1982 defendant and Kent Leroy Scott assaulted two women while on the porch of a home and took a set of keys from one and a wristwatch from another. On December 11, 1982, between

---

1. Rule 23.05 provides:

   All offenses that are based on the same act or on two or more acts that are part of the same transaction or on two or more acts or transactions that constitute parts of a common scheme or plan may be charged in the same indictment or information in separate counts.

2. Rule 24.07 provides that "[w]hen a defendant is charged with more than one offense in the same indictment or information, such offenses may be tried jointly or separately in the discretion of the court."

3. *McCrary* considered Rule 23.05(b) but that rule was amended effective January 1, 1982 to its present form.

10:00 and 10:30 p.m. defendant and Scott approached a service station, robbed and shot Jessie Bruce taking his gun and wallet. On the same day, December 11, 1982 at approximately 10:30 p.m. defendant and Scott approached Wesley Hendrix outside his home and took his keys and car. The December 11, 1982 robberies occurred approximately four blocks from one another. The weapon taken from Bruce may have been used to accomplish the Hendrix robbery.

In *State v. (Marvin) Allen*, 641 S.W.2d 471 (Mo.App.1982) we held that apparently separate crimes may be connected where the same method of commission and a repeated course of conduct implies that each separate victim was a "target of opportunity" in a continuing act. *Id.* at 474. The state's evidence in the present case does not support such finding. The separate incidents occurred in a different location and involved different victims. None of the victims were related to one another in any way.

In addition, the state's reliance on *State v. Couvion*, 655 S.W.2d 80 (Mo.App.1983) is misplaced. In the *Couvion* case the defendant targeted the same place on separate occasions. The December 10 robbery of Thompson involved an aborted attempt to steal an automobile and the last incident involving the robbery of Hendrix resulted in the theft of a different automobile. Furthermore, there is no evidence that the same purpose motivated the taking of either automobile. This distinguishes *State v. Allbritton*, 660 S.W.2d 322 (Mo.App. 1983) where the court found no error in joining rape, attempted rape and burglary charges when a frustrated rapist immediately thereafter committed an act of rape. The court there relied on the *McCrary* definition of common scheme and plan. No such connection appears in the state's evidence in the present case. Finding no common scheme or motive connecting the three incidents we hold that the charges were improperly joined.

Having held that the joinder in the indictment was improper we must determine if defendant was prejudiced by the error. To join offenses which are not a part of a common scheme or plan exposes a defendant to prejudice by allowing proof of the commission of unrelated crimes. *State v. Buford*, 582 S.W.2d at 302. In order to determine that the evidence of the other crimes did not prejudice the defendant the reviewing court must be able to declare beyond doubt that the tainted evidence did not affect the jury in its fact finding process. *State v. Garrett*, 564 S.W.2d 347, 349 (Mo.App.1978). "An appellate court has no way of knowing and should not speculate about ... the extent to which the evidence entered into the jury's decision making process." *Id.* We cannot say that the defendant received a fair trial when evidence of unrelated crimes was improperly presented to the jury. If these cases had been separately charged or severed such evidence would not have been presented to the jury. *See State v. (Gary) Allen*, 674 S.W.2d 606 (Mo.App.1984) where we found no error in failure to sever because the same evidence would have been presented to the jury even if the charges were severed.

We hold that the joinder of Counts I–III with remaining counts was erroneous and contrary to the requirement of Rule 23.05. However because there was evidence that the weapon stolen from Bruce may have been used in the commission of the Hendrix robbery a short time thereafter and in the same general vicinity the trial court may in its discretion try Counts IV–VI together with Counts VII–VIII. Rule 24.07. Although not controlling on the exercise of discretion the similarity of time and proximity of location of the robberies is relevant in determining the presence of a common scheme or plan or of a continuous action. *See State v. (Marvin) Allen*, 641 S.W.2d at 474.

We need not reach appellant's second issue as it may be avoided on retrial.

Reversed and remanded.

PUDLOWSKI, P.J., and GAERTNER, J., concur.