**STATE of Missouri,**
**Plaintiff–Respondent,**

v.

**Jimmie HUGHES, Defendant–Appellant.**

No. 56286.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 13, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 11, 1990.

Application to Transfer Denied
May 15, 1990.

Henry Thomas, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from his convictions by a jury of three forcible rapes, two first degree robberies, sodomy and armed criminal action. He received sentences imposing a total of one hundred forty years. We affirm.

The convictions resulted from two separate incidents occurring approximately a year apart. On February 6, 1987, M.J. and her friend T.S., both high school students, were walking home on Grand Avenue from Vashon High School after being unable to attend a basketball game. M.J. was fifteen years old. As they were walking defendant approached them from the opposite direction. He pushed the girls into an alley. M.J. felt something in her back that felt like a gun. She never saw a gun. Both girls were blindfolded and pushed into a nearby black car. Defendant took ten dollars from M.J. While in the automobile M.J. moved the blindfold sufficiently to observe her assailant. The girls were taken to a house at an unknown location where M.J. was ordered to disrobe and was raped. Defendant then used a telephone to call another man who arrived shortly thereafter. Upon his arrival defendant took T.S. to another room and the late arrival then raped M.J. Defendant returned several minutes later with T.S. The second man then took T.S. to another room and defendant again raped M.J. Before this second rape by defendant, he had some difficulty obtaining an erection, became angry and complained "I'm too old to be doing this." Defendant was 39. Both girls were then released, ran to a nearby house and called the police. T.S. did not testify at the trial.

On March 24, 1988, B.H., a fifteen year old high school student, was walking home from Vashon High School after attending a talent show. Defendant approached her and pushed her into a wall. A struggle ensued and defendant struck B.H. on the head with a gun. B.H. was then blindfolded and forced into a black car which pulled up alongside. Defendant then directed the driver to a location nearby where B.H. was taken into an abandoned residence. She was instructed to bend over and defendant removed her pants and inserted his penis into her rectum. He then instructed her to lie down and he penetrated her vaginally. The second man then sodomized and raped B.H. During the second man's activities B.H. was able to observe defendant removing things from her jacket and pants pockets including ten dollars which defendant took. After the second man had completed

his assault the two men left. B.H. remained on the premises for awhile and then left, went to a nearby house and called the police.

Physical examinations and laboratory reports of M.J. and B.H. established recent sexual intercourse. A laceration on B.H.'s head from the gun blow required staples to close. She also had rectal tears consistent with a sexual penetration. B.H. was able to locate the abandoned residence where she had been taken and personal belongings of hers were found there. In addition a vehicle registration form for defendant's automobile was found at that abandoned residence. At trial and at a lineup after defendant's arrest, both B.H. and M.J. identified defendant as the man who approached them on the street. M.J. also identified defendant prior to the lineup in a photo array.

Defendant was charged with eight offenses. The jury acquitted him on an armed criminal action charge pertaining to M.J. On appeal defendant asserts eight grounds of error.

■ Initially he contends the trial court erred in refusing to sever the charges pertaining to M.J. from those pertaining to B.H. This contention requires a two part analysis. First is whether the offenses were properly joined in the indictment. If joinder was proper then it is necessary to determine whether the trial court abused its discretion in refusing to sever. *State v. Morant,* 758 S.W.2d 110 (Mo.App.1988) [1, 2]. "Joinder is either proper or improper under the law while severance is discretionary." *State v. White,* 755 S.W.2d 363 (Mo. App.1988) [7].

■ Joinder is governed by Sec. 545.-140(2) RSMo 1986 and Rule 23.05. Both provide for joinder of two or more offenses where the offenses "are of the same or similar character" or are based on two or more acts that are part of the same transaction. For joinder to be proper, the manner in which the crimes were committed should be sufficiently similar that it is likely that the same person committed all the charged offenses. Similar tactics are sufficient to constitute acts of the same or

similar character. *State v. White, supra* [8–10]. However, identical tactics are not required. Tactics which resemble or correspond in nature are sufficient. *State v. Moore,* 745 S.W.2d 224 (Mo.App.1987) [3].

The two transactions involved here are strikingly similar. The attacker waited for his victim on Grand Avenue in the early evening in an area within walking distance of Vashon High School. Both attacks took place on a night of activity at the high school. Both victims were high school students, aged 15. In both attacks a gun was used, the victims were inadequately blindfolded and placed in a black car. The victims were taken to a nearby residential location and raped by two men. The attacker in both cases demanded money from the victims at the time they were first accosted. The victims were released by their attackers. The tactics, location, and choice of victim make it likely that the perpetrator was the same person. While the crimes were not identical they were sufficiently similar to allow joinder.

■ The key question in determining whether severance should be granted is one of prejudice. Sec. 545.885(2) RSMo 1986; Rule 24.07. The defendant must make a particularized showing of substantial prejudice. *Id.* There must be both an abuse of discretion and a clear showing of prejudice before a denial of severance can be reversed. *State v. White, supra* [12]. In determining prejudice the court should consider, among other relevant factors, the number of offenses charged, the complexity of the evidence, and whether the trier of fact is able to distinguish the evidence and apply the law intelligently to each offense. Although eight crimes were charged the trial involved only two occurrences. The evidence was simple and straightforward and involved predominately the testimony of the two victims and medical and lab reports. The jury acquitted the defendant on the armed criminal action count involving M.J. where no gun was actually seen by the victim. This evidences the jury's capability to consider the two transactions and their respective parts separately. We

find no error in the trial court's refusal to sever.

■ Defendant next contends that he was subjected to double jeopardy in his conviction of two rapes in the M.J. incident. In dealing with rape cases where multiple acts of intercourse occur the courts have held that "generally rape is not a continuing offense, but each act of intercourse constitutes a distinct and separate offense." *Vaughan v. State,* 614 S.W.2d 718 (Mo.App.1981) [4]. Whether multiple acts of forcible intercourse constitute multiple crimes or a single crime is determined by the facts of each case, including the factors of time, place of commission and, preeminently, defendant's intent as evidenced by conduct and utterances. *Id.*

In the *Vaughan* case the assaults occurred at the same location but with a time interval between assaults. During that interval defendant expressed his intent to rape the victim again. The second assault was therefore the product of a second separate intent to "gratify defendant's sexual desire." Here the two assaults were separated not only by time but by an intervening rape by defendant's friend while defendant was out of the room. Defendant's anger at his temporary incapacity and his statement about that also reflect a separate intent to rape M.J. a second time.[1] Double jeopardy is not applicable.

■ Defendant next complains that M.J.'s identification was the product of suggestive pre-trial identification procedures. The matter has not been preserved because no objection was raised at trial. Factually the complaint is unsupported by any evidence in the record and the trial identification carries the marks of reliability sufficient for admissibility. We find no error.

Next defendant challenges his conviction of the M.J. crimes because of alleged inconsistencies in the victim's testimony. In part this claim is based on defendant's mistake concerning the testimony given by the criminologist about the presence of sperma-

tozoa on the vaginal swab taken after the rape. Our review of the record does not cause us to conclude that M.J.'s testimony contained inconsistencies so substantial as to demonstrate unreliability.

■ Defendant next contends that the trial court committed error in permitting both victims to briefly testify concerning the effect of the rapes on their lives. Defendant contends such testimony was improper because it was evidence of "rape trauma syndrome" held to be inadmissible in *State v. Taylor,* 663 S.W.2d 235 (Mo. banc 1984). That case precluded expert testimony of the syndrome because expert opinion testimony on the credibility of a witness is not admissible. The evidence there was utilized to establish that because the victim suffered from the syndrome it bolstered her testimony that the intercourse was non-consensual. The testimony here was not from an expert but from the victims themselves. While the testimony is of doubtful relevance, we are unable to conclude it was prejudicial, particularly in view of the strong evidence of guilt. The testimony was brief and stated little more than any sensitive juror would imagine to be the consequences of multiple rapes of fifteen year old high school students.

Defendant's remaining three points are so devoid of merit that it would serve no useful nor precedential purpose to discuss them.

Judgment affirmed.

SATZ, P.J., and GRIMM, J., concur.

---

**1.** We note parenthetically that defendant could have been charged and convicted of three rapes involving M.J. given his aider and abettor status as to the second man.