STATE of Missouri, Respondent,

v.

Ivan VINSON, Defendant/Appellant.

Ivan VINSON, Movant/Appellant,

v.

STATE of Missouri, Respondent.

Nos. 55212, 60710.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 14, 1992.

Brad B. Baker, Columbia, for defendant/appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Judge.

Defendant, Ivan Vinson, appeals from jury convictions of two counts of first-degree robbery in violation of § 569.020 RSMo 1986 and one count of armed criminal action in violation of § 571.015.1 RSMo 1986. Defendant also appeals the denial of his Rule 29.15 motion after an evidentiary hearing. Defendant was sentenced as a prior and persistent offender to three consecutive terms of life imprisonment, said sentences to run consecutively to defendant's prior sentences. We affirm the conviction and dismiss the post-conviction appeal.

The sufficiency of the evidence is not in dispute. Viewed in a light most favorable to the verdict, the evidence adduced at trial revealed the following facts. At approximately 2:15 p.m. on September 6, 1986, defendant and two other men entered a Phillips 66 service station on Second Street in the City of St. Charles. The three sat at a table for approximately twenty minutes. One man left the store. Shortly thereafter, defendant walked behind the cashier's counter, drew a large revolver, and instructed the cashier to "move." Defendant pointed the gun at a customer and stated, "Don't move, lady." He removed the cash drawer and the money underneath it and fled from the store with the third man, who was holding the front door ajar.

The men ran south, jumped a fence, and approached a yellow Ford parked in a parking lot. The man who held the door at the gas station entered the backseat; defendant handed him the cash drawer, entered the backseat, and held the gun up to the car's rear window. The vehicle headed south on Second Street. The cashier contacted the police and described defendant.

Upon hearing commotion within the store, the manager emerged from his back office. He exited the store and spotted money lying ten to twelve feet south of the front door. He pursued the yellow Ford in his car but lost sight of it as it crossed the Highway 115 bridge into St. Louis County.

An off-duty employee and her boyfriend searched for the cash drawer that defendant had removed during the robbery. They crossed the Highway 115 bridge and located the drawer on the side of the road approximately forty to fifty feet from the Earth City Expressway entrance. Using a piece of newspaper to avoid leaving fingerprints, the boyfriend retrieved the drawer and turned it over to police. Latent finger-

prints taken from the cash drawer matched defendant's fingerprints.

At a line-up conducted roughly two months after the incident, the cashier and customer involved in the incident positively identified defendant as the robber. Both also identified defendant at trial.

At approximately 1:55 a.m. on November 18, 1986, defendant entered the Shell service station on Fifth Street in the City of St. Charles. Defendant got a sandwich from the refrigerator case, approached the cashier, and asked for a bottle of cognac. When the cashier stated he could not sell alcohol at that time of day, defendant stated, "Well, in that case, give me all your money." Defendant walked behind the counter, pulled a small caliber revolver out of his pocket, and stood behind the cashier. A customer was headed toward the front door, and defendant ordered him to "freeze." The cashier asked defendant if he was sure he wanted to do this, and defendant replied, "Pop the drawer before I pop you." The cashier opened the cash register drawer, and defendant removed the cash compartment and fled out the front door.

The cashier telephoned the police and saw a black Camaro with its headlights off travelling down the road beside the station. With the customer's help, the cashier described the vehicle to police and watched it turn south onto Fifth Street and proceed eastbound onto Interstate 70 toward St. Louis County. A police officer arrived at the service station approximately one minute after the cashier's call; the cashier gave the officer the description of defendant and the suspect vehicle, which the officer broadcast. Shortly thereafter, the officer received a dispatch indicating police had stopped a vehicle matching the description broadcast. The officer took the cashier and customer to the site of the vehicle stop at Interstate 70 and Florissant Road; the cashier identified defendant as the man who had robbed him.

The officer returned the witnesses to the service station and seized a security camera videotape that had recorded the robbery. A blank pistol and its cylinder were found on the north side of the gas station parking lot approximately thirty feet from the front door.

The videotape was played for the jury at defendant's trial. Defendant testified on his own behalf and denied involvement in either robbery. The jury found defendant guilty on all counts.

The record indicates defendant filed a Rule 29.15 motion for post-conviction relief, which was denied after an evidentiary hearing. Defendant filed an appeal of the denial with the circuit court on August 28, 1991. On September 3, 1991, the appeal was consolidated with defendant's previously filed direct appeal. However, an examination of defendant's brief reveals no point of error challenging the denial of the 29.15 motion. Accordingly, defendant has abandoned his 29.15 appeal and that appeal is dismissed. *State v. Barnard*, 820 S.W.2d 674, 677 (Mo.App.1991).

In point one of his direct appeal, defendant alleges the trial court erred in denying his pre-trial motion for severance. Defendant contends the introduction of evidence relating to the Shell robbery on November 18, 1986, was "necessarily prejudicial" to defendant at his trial on the robbery and armed criminal action charges arising from the Phillips robbery on September 6, 1986.

In reviewing defendant's claim, we first determine whether the offenses were properly joined. *State v. Hughes*, 787 S.W.2d 802, 804 (Mo.App.1990). If joinder was proper, we then determine whether the trial court abused its discretion in refusing to sever the offenses. *Id.*

Two offenses may be joined in one indictment or information if the offenses are (1) of the "same or similar character" or (2) based on the "same act or transaction" or on two or more acts that are "connected together" or constitute parts of a "common scheme or plan." § 545.140.2 RSMo 1986; Rule 23.05. Liberal joinder of charges is favored, and the trial court's decision whether to join the charges should be based only on the state's evidence. *State v. Forister*, 823 S.W.2d 504, 509 (Mo.App.1992).

■ We find the offenses sufficiently similar to permit joinder.[1] Both cases involved a robbery of a service station/food mart in the City of St. Charles within a two-month period. Defendant brandished a revolver in both cases, ordered customers to "freeze," and went behind the cashiers' counters to complete the robberies. In both cases, defendant removed the entire cash register insert and fled through the front door to a waiting vehicle, which then proceeded into St. Louis County.

■ Defendant cites numerous differences between the cases, including the times of the robberies, the number of accomplices involved, the size of the weapon used, the makes of the getaway vehicles, the seizure of a weapon in only one of the robberies, and the presence of fingerprints at one crime scene but not the other. In our view, however, the strength of the offenses' similarities in time, manner, and general location overcome the cited differences. Importantly, the offenses need not be identical in every detail in order to be joined in the same information. *State v. Johnson,* 753 S.W.2d 576, 583 (Mo.App. 1988). Rather, it is sufficient if the tactics "resemble or correspond in nature." *Hughes,* 787 S.W.2d at 804. Given the rule favoring liberal joinder, we find the offenses here sufficiently similar.[2]

■ Having found the joinder of offenses proper, we consider the trial court's refusal to sever the offenses. A motion to sever offenses is governed by § 545.885 RSMo (Supp.1991) and Rule 24.07. Pursuant thereto, a court may grant a severance upon a "particularized showing of substantial prejudice" if it appears that a defendant or the state is substantially prejudiced by a joinder of the offenses for trial. § 545.885.2 RSMo (Supp.1991); Rule 24.07. "Substantial prejudice" is "a bias or dis-

crimination against the defendant or the state which is actually existing or real and not one which is merely imaginary, illusionary or nominal." § 545.885.2 RSMo (Supp. 1991). A denial of severance will not be reversed absent an abuse of discretion and clear showing of prejudice. *Forister,* 823 S.W.2d at 510.

■ In determining actual prejudice, the court should consider, *inter alia,* the number of offenses charged, the complexity of the evidence to be offered, and whether the trier of fact is able to realistically distinguish the evidence and apply the law intelligently to each offense. *Hughes,* 787 S.W.2d at 804. As the state notes, defendant does not dispute that the case involved few charges and was not complex, nor does he contend the jury was unable to distinguish the evidence and apply the law intelligently to each offense. Rather, defendant, relying on *State v. Smith,* 682 S.W.2d 861 (Mo.App.1984), contends he was prejudiced only because the jury heard evidence of both robberies. This argument has been specifically rejected. *Johnson,* 753 S.W.2d at 586. Further, *Smith* is inapposite, in that it involves only the prejudice that may result from improper joinder and does not concern prejudice justifying severance. We find no abuse of discretion or substantial prejudice in the trial court's refusal to sever the offenses. Accordingly, point one is denied.

■ In his second and final point, defendant alleges the trial court erred in overruling his motion to strike the jury panel because none of the forty-five venirepersons was black. Defendant alleges he was denied his rights to a fair trial by a fair and impartial jury, because the panel did not represent a fair cross-section of the community.[3] In denying defendant's mo-

---

1. Defendant does not contend the trial court improperly joined the armed criminal action charge with the charge relating to the robbery of the Phillips station.

2. As the state notes, defendant's reliance on *State v. Smith,* 682 S.W.2d 861 (Mo.App.1984), is misplaced, because that case was decided before Rule 23.05 permitted joinder of offenses of the "same or similar character."

3. Without argument, defendant also contends he was denied equal protection of the laws under the Fourteenth Amendment to the U.S. Constitution and Article I, § 2 of the Missouri Constitution. However, defendant did not object at trial on this ground, nor did he assert this theory in his motion for new trial. To properly preserve a constitutional issue for appeal, a party must raise the issue at the first available opportunity, specifically designate the constitu-

tion to strike the panel, the trial court stated:

> We have a very large pool that we select from, and the jurors are picked by what we call random selection, and we have a proportion of blacks that are in the total pool, based upon our population, but random selection, just is at random, of who gets picked. There are occasions where we have blacks on the jury; there's [sic] some occasions where we don't. So, today just happens to be a day which appears that none are present, so I'll have to deny the request.

 A criminal defendant has a constitutional right to select a jury from a fair cross-section of the community. U.S. Const. amends. VI and XIV; Mo. Const art. I, §§ 18(a) and 22(a). However, as defendant acknowledges, a defendant establishing a *prima facie* violation of this requirement must show that (1) the group alleged to be excluded constitutes a distinctive group in the community; (2) the representation of this group in venires from which juries are selected is not fairly and reasonably related to the number of such persons in the community; and (3) this underrepresentation results from systematic exclusion of the group in the jury selection process. *State v. Cooksey,* 805 S.W.2d 709, 710 (Mo. App.1991).

 Here, defendant has produced no evidence, nor even alleged, that the purported nonrepresentation of blacks on the venire panel resulted from their "systematic exclusion" in the jury selection process. Evidence of the underrepresentation or nonrepresentation of a distinctive group on a particular jury panel does not establish the systematic exclusion of that group. *Id.* Defendant argues only that his venire was not representative. Absent evidence of systematic exclusion, defendant has failed to establish a *prima facie* violation of the fair cross-section requirement. Point two is denied.

---

tional provision claimed to have been violated, state the facts showing the alleged violation, and preserve the constitutional question throughout for appellate review. *State v. Hillis,* 748 S.W.2d

The judgment of conviction is affirmed. The appeal from the denial of the post-conviction motion is dismissed.

SMITH, P.J., and KAROHL, J., concur.

---

694, 697 (Mo.App.1988). Defendant does not allege plain error, and we find none. Rule 30.20.