STATE of Missouri, Respondent,

v.

Greg T. FARLEY, Appellant.

No. WD 43735.

Missouri Court of Appeals,
Western District.

Oct. 26, 1993.

Judith C. LaRose, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jennifer A. Glancy, Asst. Atty. Gen., Jefferson City, for respondent.

Before BRECKENRIDGE, P.J., and LOWENSTEIN and ELLIS, JJ.

LOWENSTEIN, Judge.

In this consolidated appeal from a criminal cause for first degree tampering, three points are raised: 1) denial of the Appellant's request for jury instructions on a lesser-included offense of second degree tampering; 2) denial of his post-conviction motion for a evidentiary hearing regarding ineffective assistance of counsel based on counsel's failure to object to an all white jury venire and subsequent failure to strike the jury; and, 3) use of jury instruction MAI–Cr3d 302.04, defining reasonable doubt. This court affirms.

The State charged Farley with first degree tampering under § 569.080, RSMo 1986; he was tried before a jury and found guilty, and was sentenced to 10 years as a prior and persistent offender.

The underlying facts are as follows: Brenda Rechterman (formerly Brenda Russell) left her keys in the ignition of her car when she parked behind a restaurant in Higginsville, Missouri. Approximately an hour and a half later she discovered her car was gone.

Sergeant Beylander of the Highway Patrol was patrolling Interstate 70 in Jackson County later the same evening. At approximately 11:05 p.m. he noticed a car behind him pull into the far left lane and accelerate. As the car passed Beylander he noticed the car was occupied by one person and had expired license plates. Beylander paced the car to see how fast it was going; while pacing the car he radioed Troop A to run a computer check. He learned the car was owned by Brenda Russell.

Beylander activated his emergency lights and turned his spot light on the rear of the car. The car pulled onto the shoulder and Beylander pulled behind it, shining his spotlight inside the car. He noticed a single occupant, the driver, a black male wearing a blue coat with a white collar. Instead of stopping, the car suddenly accelerated and fled. Beylander pursued for several miles in a high speed chase which exceeded 100 miles per hour. The driver attempted to turn off the highway, lost control and drove into a ravine and fled the car, leaving the driver's door open. Beylander observed a black male, wearing a blue jacket with a white collar running north of the car. Beylander chased after the driver on foot. With the help of a police helicopter spotlight operated by Officer Reynolds, he found the driver lying on the ground approximately 200 yards from the car. Using the helicopter's spotlight, Reynolds found a black male, wearing a blue jacket with a white collar lying down in a gully northeast of the car. He did not see anyone else in the area.

Upon being arrested late on this February night, Farley said, "I'm drunk and laying here sleeping." Later at Patrol Troop Headquarters, Farley said, "I'll admit to riding in the car, but I wasn't driving it." At trial there was evidence he said, "I wasn't in the car. . . ."

Under the scope of review, the evidence and all reasonable inferences are to be taken in a light most favorable to the state, rejecting evidence and inferences which don't support the verdict. *State v. Franks*, 688 S.W.2d 787, 788 (Mo.App.1985).

The first point concerns the trial court's denial to submit instructions on the lesser-included offense of second degree tampering. The trial court must instruct the jury on all lesser-included offenses supported by the evidence. *State v. Story*, 646 S.W.2d 68, 73 (Mo. banc 1983), § 556.046, RSMo. 1986. In order to require the giving of instruction on the lesser offense, "there must be support in the case for its submission and an instruction should not be given in the absence of evidence to support it." *Id.* at 73 (citing *State v. Craig*, 433 S.W.2d 811 (Mo. 1968) and *State v. Agee*, 474 S.W.2d 817 (Mo.1971)). Instruction of a lesser-included offense need be given only where there is evidence with "probative value," and if there is "a reasonable basis in fact for finding the accused guilty of the lesser offense while innocent of the higher offense." *State v. Vinyard*, 839 S.W.2d 686, 689 (Mo.App.1992); *State v. Olson*, 636 S.W.2d 318, 322 (Mo. banc 1982). Furthermore, instruction on the lesser offense is not necessary "where . . . there is strong and substantial proof of the offense charged and the evidence does not reveal a lack of an essential element of the more serious offense." *State v. Montgomery*, 809 S.W.2d 47, 49 (Mo.App.1991).

In the present case, the evidence does not reveal a lack of an essential element of the more serious offense, and does not present a reasonable basis in fact for submitting the instruction on the lesser offense. *See Olson*, 636 S.W.2d at 321, 322; *Montgomery*, 809 S.W.2d at 49. The evidence presented demonstrated Officer Beylander saw only one individual, a black male wearing a blue jacket with a white collar, driving the car. The officer saw inside the car both when it passed him on the left and when Beylander shined his spotlight in the back of the car—he saw

only the driver, no passengers. Beylander lost sight of the car driven by defendant for a few seconds; however, given the high speed chase which ensued between Beylander and Farley, it's not reasonable under the facts to assume Farley was an overlooked passenger. Additionally, Officer Reynolds noted the same individual, a black male sporting a blue jacket with a white collar, as the only person spotted from the helicopter and within a short distance of the wrecked and abandoned car.

■ Furthermore, the three contradictory statements made by the defendant: first when he was found in the gully, "I'm drunk and laying here sleeping," at Patrol Troop Headquarters, "I'll admit to riding in the car, but I wasn't driving it," and at evidence introduced at trial of the defendant's pretrial statement, "I wasn't in the car ...," have minimal probative value and don't indicate acquittal of the greater and conviction of the lesser offense. There was insufficient evidence presented indicating an acquittal of the greater and conviction of the lesser charge. Additionally, where the defendant denies the commission of the act charged, as Farley did here in his statements, "... but I wasn't driving it," and "I wasn't in the car," there is no requirement to give a lesser included offense instruction. *State v. Petary,* 781 S.W.2d 534, 544 (Mo. banc 1989).

■ The second point on appeal is the denial of the defendants Rule 29.15 post conviction motion for ineffective assistance of counsel based on counsel's failure to object to the venire panel of all white individuals and failure to move to strike the jury panel. Review of a Rule 29.15 motion is limited to a determination of whether the motion court's ruling was clearly erroneous. *Sidebottom v. State,* 781 S.W.2d 791, 794–5 (Mo. banc 1989), *cert. denied,* 497 U.S. 1032, 110 S.Ct. 3295, 111 L.Ed.2d 804 (1990). To obtain a hearing, the following three requirements must be met: 1) the motion must allege facts, not conclusions, warranting relief; 2) the facts alleged must raise matters not refuted by the files and records in the case; and, 3) the matters complained of must have resulted in prejudice to the movant. *State v. Starks,* 856 S.W.2d 334, 336 (Mo. banc 1993).

■ In order to show ineffective assistance of counsel, the movant must show; 1) that his attorney failed to conform to the degree of skill, care and diligence of a reasonably competent attorney under similar circumstances; and, 2) such failure resulted in prejudice to appellant. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To prove prejudice from counsel's conduct it must be shown "that there is a reasonable probability that, except for counsel's alleged errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. This court need not determine whether the counsel's performance was deficient before examining whether prejudice was suffered by the appellant due to the alleged error. *Id.* at 697, 104 S.Ct. at 2069. There is no evidence presented, other than defendant's assertion, that the jury was biased against Farley. Mere allegation of prejudice is insufficient to support a claim of ineffective assistance of counsel. *Starks,* 856 S.W.2d at 336.

■ Moreover, no claim was raised regarding the jury venire selection system indicating prejudice. In order to establish a prima facie violation of the right to select a jury from a fair cross section of the community, the appellant must show; 1) the group alleged to be excluded constitutes a distinctive group in the community; 2) the representation of this group in venires from which juries are selected is not fairly and reasonably related to the number of such persons in the community; and, 3) this underrepresentation results from systematic exclusion of the group in the jury selection process. *State v. Vinson,* 834 S.W.2d 824, 828 (Mo. App.1992). Farley has produced no evidence of prejudice or that nonrepresentation of blacks resulted from "Systematic exclusion." *Id.* at 828. Furthermore, this court has noted "Systematic exclusion of a distinctive group is not established by the nonrepresentation or underrepresentation of a group on a particular jury panel." *State v. Cooksey,* 805 S.W.2d 709, 710 (Mo.App.1991). Appellant has not shown prejudice resulting from the all white jury, or prejudice resulting from counsel's decision not to object to either the

venire or the jury selected due to racial composition; therefore, the second point on appeal is denied.

■ Farley's final point is based on the trial court's submission of jury instruction MAI–Cr3rd 302.04, defining proof beyond a reasonable doubt. Since Farley did not raise an objection to the use of this instruction either at trial or in his motion for a new trial, it is not preserved for appellate review and, thus, is reviewable only for plain error. *State v. Adams*, 808 S.W.2d 925, 933 (Mo., App.1991) (*citing State v. Holt*, 592 S.W.2d 759, 776 (Mo. banc 1980)). Had it been preserved, the result would be the same since the Missouri Supreme Court has held the reasonable doubt instruction to be appropriate and does not improperly lower the state burden's of proof. *State v. Griffin*, 848 S.W.2d 464, 469 (Mo. banc 1993). The point is denied.

The judgment is affirmed.

All concur.