**STATE of Missouri, Plaintiff–
Respondent,**

v.

**Shawn BROWN, Defendant–Appellant.**

No. 70740.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 5, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 9, 1997.

Application to Transfer Denied
Nov. 25, 1997.

Raymund J. Capelovitch, Asst. Public Defender, St. Louis, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

ROBERT G. DOWD, Jr., Presiding Judge.

Shawn Brown (Defendant) appeals from the trial court's judgment following a guilty verdict for unlawful use of a weapon, Section 571.030.1(1), RSMo 1994.[1] Defendant alleges the trial court erred when it (1) failed to sever the charge under Section 571.030 from three charges against him regarding an unrelated incident, and (2) allowed the State to comment on his failure to present evidence. We reverse and remand for a new trial on the charge under Section 571.030 alone.

## I.  Background

The charges against Defendant relate to two incidents occurring on separate dates and at separate locations. The first incident occurred on October 27, 1994. Witness testified that while she and some others were standing outside her mother's home, she saw two cars drive past. She saw Defendant hanging out of one of the car windows while holding a handgun. She saw Defendant point the gun at the house. As she ran into the house, she heard several guns being fired. Two people on the porch received buckshot wounds. Defendant was charged in Count I with second-degree assault, Section 565.060, Count II shooting into a dwelling, Section 571.030.1(3), and Count III armed criminal action, Section 571.015.

The second incident occurred on December 29, 1994. A St. Louis City police officer (Officer) testified that he was driving south on Bishop Scott and Maffit, a high crime area, at around 10 p.m. He noticed Defendant, dressed in black clothing, standing alone on the corner. As Officer approached in his vehicle, Defendant turned and walked the opposite direction. When Officer slowed to get a closer look, Defendant put his hand in his coat pocket. Officer thought Defendant was trying to hide a weapon or contraband, so he shined his spotlight on him. Defendant immediately jumped a fence and ran away. When Defendant doubled back, officer got out of his car and chased Defendant down an alley. As Officer ran after Defendant, he saw Defendant discard something. After Officer caught Defendant, he

went back to retrieve the discarded object. He found a loaded .357 revolver. This incident resulted in the State charging Defendant, under Count IV, with unlawful use of a weapon, Section 571.030.1(1).

Before trial, Defendant filed a motion to sever Count IV. The trial court denied the motion and the case proceeded to trial. The State elected not to submit the second-degree assault charge to the jury. The jury convicted Defendant on Count IV, unlawful use of a weapon, but could not decide on Counts II and III, shooting into a dwelling and armed criminal action. As a result of the hung jury, the court declared a mistrial on those charges. This appeal follows.

## II.  Joinder

In his first point, Defendant alleges the trial court erred when it denied his motion to sever Count IV from Counts I, II, and III because they were improperly joined. Specifically, he claims that the incident resulting in Count IV took place more than a month after the drive by shooting, resulting in Counts I, II, and III, the incidents involved different people, at different locations, and were different in character.

Joinder and severance are distinct issues for review. Joinder is either proper or improper as a matter of law, while severance is a question of judicial discretion. *State v. Langston,* 889 S.W.2d 93, 96 (Mo. App. E.D.1994). We first consider whether joinder was proper. Section 545.140(2) authorizes joinder of two or more offenses if the offenses charged "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Rule 23.05 also authorizes joinder of related offenses and its language parallels that of Section 545.140(2). Liberal joinder of offenses is favored to achieve judicial economy, and the trial court's decision should be based solely on the State's evidence. *Id.; State v. Forister,* 823 S.W.2d 504, 509 (Mo.App. E.D. 1992).

---

1.  All statutory references are to RSMo 1994.

■ In the instant case, the acts charged in Counts I, II, and III are not of a same or similar character as those charged in Count IV, nor are they part of a similar scheme or plan. Counts I, II, and III refer to a drive-by shooting that occurred two months before the offense alleged in Count IV. In addition, none of the alleged victims of the shooting were present at the time of the Count IV offense, the acts occurred in different locations, and the acts alleged do not share any significant elements of a common scheme or plan.

■ Having found improper joinder, we must determine whether Defendant was prejudiced by the error. *State v. Smith*, 682 S.W.2d 861, 864 (Mo.App. E.D.1984). In order to determine that the evidence of the other crimes did not prejudice the defendant, the reviewing court must find beyond doubt that the tainted evidence did not affect the jury in its fact-finding process. *Id.* To join offenses which are not part of a common scheme or plan exposes a defendant to prejudice by allowing proof of the commission of unrelated crimes. *Id.* In the instant case, evidence admitted regarding the first incident alleged that Defendant fired a handgun into a dwelling. Evidence admitted regarding the second incident alleged that Defendant was carrying a concealed handgun. Without other evidence linking the two incidents, this court cannot say beyond doubt that evidence of other crimes charged in the first incident did not enter into the jury's fact-finding process.

■ The State argues that no prejudice resulted to Defendant because the jury was able to distinguish the evidence between each offense by finding him guilty on Count IV even though they were unable to decide on Counts II and III. An appellate court has no way of knowing, and should not speculate about, the extent to which the evidence entered into the jury's decision-making process. *State v. Garrett*, 564 S.W.2d 347, 349 (Mo. App. E.D.1978). We cannot decide whether Defendant was prejudiced by evidence considered by the jury in Counts II and III without speculating. Again, we cannot find beyond doubt that the tainted evidence did not influence the jury.

Because the charges here were improperly joined and that joinder prejudiced Defendant, the court should have granted Defendant's motion to sever. We have reviewed Defendant's other point on appeal and find it moot. Therefore, we reverse the judgment of the trial court and remand for a new trial on Count IV of the indictment.

REINHARD, and GARY M. GAERTNER, JJ., concur.